## SUPREME COURT.

John Heintz agt. John Dellinger.

Where in an action for *trespass on land*, the metes and bounds of the premises claimed to be owned by the plaintiff are set out in the complaint, and the defendant, in his answer, admits that the plaintiff is the owner of the premises thus described, but denies that the alleged trespass is upon such premises; the issue on the trial is one of *location*, depending upon the accuracy of measurement, and does not involve the *question of title*.

*Erie Special Term, October,* 1864.

This is an application for a certificate of the court showing that title to land came in question on the trial of this cause (*Code,* § 304, *sub.* 1). The trial took place at the circuit court in Genesee county, in June, 1864. In the complaint, the plaintiff set forth by metes and bounds, a description of certain real estate, which he claimed to own, and on which it was alleged the defendant had trespassed. The defendant in his answer admitted that the plaintiff was the owner of the property thus described. Upon the trial it appeared that the parties were occupants of adjoining lots in the village of Batavia, and the trespass complained of consisted in the erection of a wooden addition to the defendant's building, made upon the rear of the lot occupied by him. The plaintiff claimed that it extended over upon the land described in the complaint, which the defendant denied. Aside from the question of damages, that was

the issue presented and tried at the circuit. The jury decided it in favor of the plaintiff, but rendered their verdict for less than fifty dollars damages.

M. F. ROBERTSON, *for plaintiff.*
GEO. BOWEN, *for defendant.*

DANIELS, J. The evidence before the court and jury upon that question consisted chiefly of measurements of certain distances. By those made and proven on behalf of the plaintiff, the defendant's addition was shown to extend over upon the premises described in the complaint, while those on the part of the defendant excluded it from them. The question became, therefore, one of location solely, depending upon the accuracy of the respective measurements. If those relied upon by the plaintiff were correct, the effect of the defendant's answer was to admit that the addition was over upon the plaintiff's land, and it consequently followed that the trespass had been committed. If they were not correct, and those relied upon by the defendant were, then it became entirely immaterial upon whose land he had built, for the plaintiff had no cause of complaint on account of it. The question thus presented and litigated, was, therefore, not one of title, but merely one of location, for the purpose of ascertaining whether the piece of land on which it was claimed the defendant had trespassed, was a portion of that which he admitted was owned by the plaintiff. That brought the controversy to one which concerned the possession only. For when it was satisfactorily shown to be a part of that described in the complaint, it followed that it was in the plaintiff's possession at the time of the trespass. If the lines of the land are properly laid as claimed by the plaintiff, the title which the defendant's answer admitted, drew after it a constructive possession (*Dewey* agt. *Bordwell*, 9 *Wend.* 65). The production of the plaintiff's deed could make no differ-

ence, for it would be of no use as evidence where the title and description were fully ascertained by the pleadings.

In *Ehle* agt. *Quackenboss* (6 *Hill*, 539), this court held that the term "title," as used in the statute under consideration, is limited to the right of possession. In this case the inquiry was as to the fact, not the right of possession. For when the fact was ascertained to be as the plaintiff alleged it, the right stood admitted. (*Idem*, 540; *see also Ford* agt. *Sampson*, 17 *How*. 447.)

The application made must be denied.