LEPRELL *et al. v.* KLEINSCHMIDT.

(*Supreme Court, General Term, Fifth Department.* June, 1888.)

EJECTMENT—WHEN LIES—EAVES PROJECTING ON ANOTHER'S LAND—COSTS.

Plaintiffs alleged that defendant erected on the division line between them certain buildings, the foundation walls and the eaves of which projected over upon their premises, and prayed judgment for full possession thereof and damages. The special finding in the verdict for plaintiffs negatived the fact that the buildings were erected on any part of their land, though the eaves did in some parts project slightly over the dividing line. *Held,* that as there was no allegation of entry and ouster, and neither plaintiffs' title nor right of possession was in question on the trial, and as ejectment will not lie for the projection of the eaves of a building over land, the action will not be regarded as an ejectment so as to entitle plaintiffs to costs under Code Civil Proc. N. Y. § 3228.

Appeal from special term, Erie county.

Action by John and Theresa Leprell against Barbara Kleinschmidt. Defendant appeals from an order denying a motion to set aside a taxation of costs in plaintiffs' favor, made on their application before entry of judgment on the verdict.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*Baker & Schwartz,* for appellant. *Frank Loomis,* for respondents.

BARKER, P. J. The question presented demands that a construction be placed on the plaintiffs' complaint as to the nature and character of the cause of action set forth therein. The plaintiffs contend that the action is ejectment for the recovery of the possession of a parcel of land, and damages for its detention by the defendant. This is disputed by the defendant, who claims that the alleged cause of action is for trespass, and entitles the plaintiffs to damages only. In defendant's construction of the complaint, I concur. The first averment is that the plaintiffs are the owners and are entitled to the immediate possession of a parcel of land, which is described by metes and bounds, so that the same can be readily located. It is then alleged that the defendant is the owner of the premises next adjacent to and south of the premises described. Thus it is plainly stated that the parties are adjacent land-owners; the plaintiffs' south line being the defendant's north boundary line. The tort charged upon the defendant is founded on the facts alleged in a single paragraph of the complaint, as follows: "That during the year 1885, and before the commencement of this action, the said defendant, by her agent or agents, servant or servants, caused or suffered to be erected on the northerly line of her said property three frame buildings, the first of which, the front building, projected about four and one-half inches, and the second and third buildings from about three inches to about fifteen inches, over and on the said premises of the plaintiffs, and that the eaves of all said buildings projected therefrom over the division line between the premises of the said plaintiffs and the said defendant, and onto the premises of the plaintiffs; that, at the time the

said buildings were so erected as aforesaid, these plaintiffs protested against it, and have since demanded that the same be removed from off their said premises, and that said eaves be removed or shortened so as not to drop over thereon, but that the defendant refused, and still refuses and neglects, to so remove said buildings or shorten said eaves; that, since the time the said buildings were so erected, they have never been removed, nor said eaves shortened, and have been and are a great nuisance and damage to the property of these plaintiffs." The prayer for relief is that the plaintiffs have judgment for the full possession of the premises entered upon by the said defendant as aforesaid, and for the sum of $500 damages, and the costs of the action. There is no direct averment of an entry by the defendant upon the lands and premises described in the complaint, or of any part thereof, or that she detains possession of the same from the plaintiffs. It cannot be determined by the papers before us whether the action was tried at the circuit as one to recover the possession of lands, or for damages for a trespass thereon. A copy of the clerk's minutes is set forth in the moving papers, and the verdict of the jury, as entered therein, is in the following words: "That they find for the plaintiffs, and say that they find the true line to be according to the Mann and Young survey, three-tenths of a foot north of the north face of the foundation wall of the defendant's house." Upon this verdict the plaintiffs cannot enter judgment in their favor for the recovery of the whole or any part of the premises described in the complaint. From the verdict, read in connection with the allegations in the complaint that the defendant erected buildings on the northerly line of her land, it is quite clear that the defendant is not in the actual possession of any part of the premises described in the complaint. The defendant by her answer expressly admits that the plaintiffs were the owners in fee-simple of the lands described, and were entitled to the immediate possession thereof; but denied that either of the said buildings which the defendant erected, projected upon or occupied any portion of the premises belonging to the plaintiffs; and she also denied that any part of the eaves, in either of said buildings which she erected, projected upon or over the division lines between the premises of the plaintiffs and the defendant, as alleged in the complaint. On the issues thus joined, the most that can be claimed by the plaintiffs from the verdict is that the jury have found that they are the owners of the lands described, and that the eaves of the buildings erected on the defendant's lands project over the division line between the premises owned by the parties, respectively. Therefore, in any view that can be taken of the case upon this verdict, the plaintiffs are not entitled to costs as against the defendant. It is well settled that if one erects buildings upon the line of his own premises, so that the eaves or cutters project over the lands of his neighbor, this is not such an entry thereon as will entitle the latter to maintain an action of ejectment. By the common law, ejectment will not lie for anything whereon entry cannot be made, or by which the sheriff cannot give possession. The injury or wrong for which the action can be maintained, must in fact or in law amount to an ouster or dispossession of the plaintiff. *Aiken* v. *Benedict*, 39 Barb. 400; *Vrooman* v. *Jackson*, 6 Hun, 326. As this is not an action to recover real property, or any interest therein, the plaintiff is not entitled to costs under subdivision 1 of section 3228 of the Code of Civil Procedure. Nor did the claim of title to real property arise upon the pleadings, nor is it certified that the same came in question upon the trial. Therefore the plaintiff is not entitled to costs under the other provisions of the same section. *Heintz* v. *Dellinger*, 28 How. Pr. 39; *Learn* v. *Currier*, 15 Hun, 184, affirmed 76 N. Y. 625. The only question presented on this appeal is whether the plaintiff is entitled to costs upon the verdict, and we do not intimate the form or character of the judgment which the plaintiff is entitled to enter upon the verdict, if any. The special finding that the division line is north of the foundation wall upon which the defendant's buildings are erected, is incon-

sistent with the general verdict in the plaintiffs' favor, and is controlling, and determines that the defendant is not in possession of any portion of the premises described in the complaint. Code, § 1188. Treating the action as one for a trespass upon lands, then it may be said that the jury have found that the defendant committed trespass as alleged; but they have not assessed the damages, and, at the most, the plaintiff could enter judgment only for nominal damages. The order appealed from is reversed, with $10 costs and disbursements, and motion granted.

All concur.