MICHAEL E. DUNSTER et al., Appellants, v. PATRICK KELLY, Respondent.

Plaintiffs' complaint alleged, in substance, that they and defendant were the owners of adjoining premises and buildings; that defendant had trespassed upon their premises by inserting stove pipes into their chimneys and thereby causing damage. The answer admitted the averments as to ownership, but denied the trespass and injury, and alleged that the wall between the two buildings is a party-wall, standing partly on each lot, and that the chimney into which the stove pipe holes open is the common property of both parties. *Held,* that a claim of title to real property did not arise upon the pleadings, within the meaning of section 3228 of the Code of Civil Procedure; and, that a recovery of nominal damages did not entitle plaintiffs to costs.

*It seems* the section requires the existence in the pleading of a claim of title to realty which, if proved, will defeat or maintain the action as the case may be.

(Argued October 2, 1888; decided October 16, 1888.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made March 6, 1888, which affirmed an order of Special Term denying a motion to set aside a taxation of costs in favor of defendant and to require the clerk to tax costs in favor of plaintiffs. (Reported below, 23 J. & S. 370.)

The nature of the action and the material facts are stated in the opinion.

*Herbert F. Andrews* for appellants. Plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor, in an action triable by a jury in which a claim of

title to real property arises upon the pleadings. (Code Civ.
Pro. § 3228; *Kelly* v. *N. Y. & M. B. R. R. Co.*, 81 N. Y.
233; *Green* v. *Village of Canandaigua*, 30 Hun, 306;
*Crowell* v. *Smith*, 35 id. 182; Baylies' Trial Practice, 356,
359.) Plaintiff is entitled to costs, where the verdict is in his
favor, if it be but six cents, if a claim of title is raised by the
pleadings, for the reason that by subdivision 2 of section 2863
of the Code of Civil Procedure, a justice of the peace has no
jurisdiction of such an action, and plaintiff must bring his
action in the higher courts. (Code of Pro. § 304; 2 R. S.
[3d ed.] 703; *Heaton* v. *Ferris*, 1 Johns. 146; *Eustace* v.
*Tuthill*, 2 id. 185; *Powell* v. *Rust*, 8 Barb. 597; *Hall* v.
*Hodskins*, 30 How. 15.) Anything built or erected upon the
land is real property. (1 Wash. Real Prop. [5th ed.] 6; 3
Kent's Com. 401; *Daly* v. *Grimly*, 49 How. Pr. 520.) The
claim in defendant's answer of a right by prescription raises
the question of title. (*Heaton* v. *Ferris*, 1 Johns. 146;
*Eustace* v. *Tuthill*, 2 id. 185; *Randall* v. *Crandall*, 6 Hill,
342; *Rathbone* v. *McConnell*, 21 N. Y. 466; *Dinehart* v.
*Wells*, 2 Barb. 432.) If the question of title arises upon the
pleadings, no certificate that it arose upon the trial is neces-
sary to entitle plaintiffs to costs. (*Kelly* v. *N. Y. & M. B.
R. R. Co.*, 81 N. Y. 233.)

*William H. Sage* for respondent. In an action where the
boundary line between two adjoining lots is admitted, and the
plaintiff claims that the defendant's buildings, or any appur-
tenant thereof, trespass on plaintiff's property, the issue thus
formed is one of location depending upon the accuracy of
measurement, and does not involve any question of title.
(*Heintz* v. *Dellinger*, 28 How. Pr. 39; *Squires* v. *Seward*,
16 id. 478; *Burnet* v. *Kelly*, 10 id. 406; *Rathbone* v. *McCon-
nell*, 20 Barb. 311; *S. C.*, 21 N. Y. 466; *Muller* v. *Bayard*,
15 Abb. Pr. 449; *Smith* v. *Riggs*, 2 Duer, 622; *Ehle* v.
*Quackenbush*, 6 Hill, 537.) An action of trespass or nuisance
(except where the injury is to the inheritance or freehold)
must be brought by the party who is in possession, and a mere

possession was sufficient to uphold the action for damages (if proved), an allegation of title does not entitle the plaintiff to costs. (*Muller* v. *Bayard*, 15 Abb. Pr. 449; *Squires* v. *Seward*, 16 How. Pr. 478; *Rathbone* v. *McConnell*, 21 N. Y. 466.) As Kelly does not claim any part of Dunster's wall, but only the right to use his own half, where the stove holes are, no judgment for damages that could have been recovered would have affected in the least the title of either plaintiffs or defendant. (*Scully* v. *Sanders*, 77 N. Y. 598.)

Gray, J. The plaintiffs, having recovered a verdict for six cents damages, claim to be entitled to costs of this action, on the ground that a claim of title to real property arose upon the pleadings. (Code of Civ. Pro. § 3228.)

The trial judge certified that no such claim came in question on the trial, and we think none can be said to have been presented by the pleadings. The complaint demands damages for the acts of the defendant, in trespassing upon the plaintiffs' premises, by inserting stove pipes into their chimneys; thereby causing an excessive amount of smoke, dust and dirt to flow into the rooms of plaintiffs' tenants, rendering them untenantable and the building liable to destruction by fire and endangering the lives and property of the tenants. It alleges ownership by them of the land upon which is the building so affected, and by the defendant of the lot of land and building thereon adjoining, and the answer admits these allegations, while denying the trespass and injury. The argument is that as the answer contains an allegation that the wall between the two buildings is a party-wall, standing partly on each lot, and that the chimney, into which the stove holes open, is the common property of both parties, a question of title to real property was presented. We do not think, however, that this portion of the answer raises an issue which must determine the title to any real estate to be in one or the other party, and, under the section of the Code cited, such must be actually the case. The subject of the action is the disturbance of plaintiffs in the enjoyment of their property; not the ascertainment of

the title to the wall. The plaintiffs' title, or right of posses-
sion to real estate, is not attacked; for the answer
expressly admits the ownership of the property to be as
alleged in the complaint. The result of such an action would
be to ascertain whether plaintiffs were more or less substan-
tially annoyed by the emission of smoke, etc., from the
chimney used by defendant. If they were not, it was per-
fectly immaterial to whom the wall belonged. The ownership
of the wall exclusively by plaintiffs, or in common with the
defendant, could not affect the recovery in such an action.
If defendant had a perfect right to the use of the chimney, that
fact would not excuse him if he was responsible for the exces-
sive emission of smoke and dirt upon plaintiffs' premises.

"Title" as mentioned in the Code, under the authorities,
means right of possession. (*Ehle* v. *Quackenboss*, 6 Hill, 537;
*Heintz* v. *Dellinger*, 28 How. Pr. 39; *Rathbone* v. *McConnell*
21 N. Y. 466.) The defendant, by his pleading, did not lay
claim to any real estate of the plaintiffs, or to an easement therein.
The inquiry was as to a fact which was really immaterial in
its bearing upon the result. If the wall was a party-wall,
then the only question was as to the manner of the use of the
chimney therein. If it was the plaintiffs' wall, that ended
the matter, and, the possession being in them, the question
would be as to the injury caused, if any, by the smoke and
dirt from defendant's stove pipes. The plaintiffs were called
upon to prove that the defendant was disturbing them in
their possession of and not their rights of possession to prop-
erty; and, if they proved damages resulting from his acts,
they would be entitled to recover in their action.

We think that a proper application of the rule in the sec-
tion, relied upon by plaintiffs, requires the existence in the
pleading of an assertion of a claim of title to realty, which,
if proved, will defeat or maintain the action, as the case may
be. But here the defendant's pleading suggests no such issue.
It goes no further, in legal contemplation, than to oppose
plaintiffs' claim for damages by the allegation of a fact which

may be perfectly true and yet not be at all inconsistent with a recovery by plaintiffs. Even if the wall was a party-wall, that fact would not be a defense to an improper use of the chimneys by defendant, whereby his neighbors were damaged. Thus the real and only question presented by the pleadings is seen to be, whether the defendant interfered with any of plaintiffs' rights to the enjoyment of their property.

For the above reasons we think the order appealed from was right, and should be affirmed, with costs.

All concur.

Order affirmed.