### COLLINS v. ADAMS.

(*Supreme Court, General Term, Fourth Department.* November, 1888.)

1. COSTS—WHO MAY RECOVER—TITLE TO LAND.
    An action to recover the cost of building defendant's proportion of a division fence does not involve the question of title to land where there is no dispute as to the location of the division line, and it is indicated by monuments, but the sole dispute is whether or not the fence is on the line as thus indicated; and, such an action having been commenced before a justice, and discontinued on defendant's plea that the title to land would come in question, and a new action having been commenced in the supreme court resulting in a judgment for defendant, plaintiff is entitled to costs, as provided in such case by Code Civil Proc. N. Y. § 3235.

2. SAME—ISSUE OF FACT.
    Plaintiff having given evidence that the fence was located on the line as established, and defendant having given evidence to the contrary, and a verdict having been directed for defendant, there was a trial of an issue of fact, and defendant is not entitled to costs; section 3235 providing that, on final judgment for defendant on the trial of an issue of fact, plaintiff is entitled to costs, unless it is certified that the title to land came in question.

Appeal from special term, Onondaga county.

Action by George Collins against William Adams. Defendant appeals from an order denying a motion to vacate a certificate to the effect that the title to real property did not come in question in the case.

Argued before HARDIN, P. J., and FOLLETT and MARTIN, JJ.

*Whitney & Whitney,* for appellant. *Mead & Stranahan,* for respondent.

MARTIN, J. This action was to recover the expense of building the defendant's proportion of a division fence between the adjoining lands of the parties. It was originally commenced in a justice's court, but the defendant alleged that the title to real estate would come in question, gave the proper undertaking, and the case was discontinued. The action was then commenced in this court. It was tried, and the court directed a verdict for the defendant. After the conclusion of the trial, upon a submission by the parties of the question to him, the judge before whom the trial was had certified that the title to real property did not come in question on the trial. This certificate was made in pursuance of the provisions of section 3235, Code Civil Proc., which provides: "Where an action brought before a justice of the peace

\* \* \* has been discontinued, as prescribed by law, upon the delivery of an answer showing that title to real property will come in question, and a new action, for the same cause, has been commenced in the proper court, the party in whose favor final judgment is rendered in the new action is entitled to costs; except that, where final judgment is rendered therein in favor of the defendant, upon the trial of an issue of fact, the plaintiff is entitled to costs, unless it is certified that the title to real property came in question on the trial." The defendant subsequently moved to vacate and set aside the certificate, which motion was denied, and the defendant appealed. The defendant's motion was based on the stenographer's minutes of the evidence, so far as it related to the question of title, as well as upon the pleadings, and the affidavit of the defendant's counsel. An examination of the evidence leads us to the conclusion that the special term correctly held "that the question litigated upon the trial related, not to the location of the division line between the parties, but to the location of an alleged division fence in reference to a division line conceded, or not disputed, so far as appears from the evidence." The evidence discloses that before any dispute had arisen between the parties they had caused the line between their farms to be surveyed, and erected monuments which indicated the true line of their lands. That the line thus surveyed was the true line neither party denied. That the monuments erected by them, which still remained, correctly indicated the location of that line, was undisputed by either. The only question that arose on the trial was as to the location of that portion of the fence which the plaintiff built for the defendant, and for which he sought to recover. The plaintiff claimed that it was upon the line as shown by the monuments they had erected, while the defendant insisted that it was east of the line as indicated by such monuments. The question was not one of title, but simply one of location, not of the line, for that was undisputed, but of the fence which had been built by the plaintiff. We are of the opinion that the title to real property did not come in question on the trial. *Heintz* v. *Dellinger*, 28 How. Pr. 39; *Hawkins* v. *Peterson*, 9 Wkly. Dig. 408; *Dunster* v. *Kelly*, 110 N. Y. 558, 18 N. E. Rep. 361. The defendant also claims that he is entitled to costs without a certificate, because there was no trial of an issue of fact, and to sustain that claim he cites the cases of *Gates* v. *Canfield*, 28 Hun, 12, and *Saunders* v. *Goldthrite*, 41 Hun, 242. We regard it as somewhat doubtful whether that question is involved in this appeal, but, if we assume that it is, the cases cited are clearly distinguishable from the case at bar. In those cases the complaints were dismissed by the court because there was no proof whatever to sustain the cause of action alleged. Not so in this case. Here the plaintiff gave evidence which tended to show that the fence in question was located on the line that had been established by the parties. The defendant gave evidence which tended to show that it was not upon that line. The weight of evidence was in the defendant's favor, and perhaps sufficiently to justify the court in directing a verdict. The court did not dismiss the complaint, but directed the jury to pass upon the issue of fact in the case by rendering a verdict for the defendant. If the complaint had been dismissed by the court because of the insufficiency of the plaintiff's evidence, he could have had the issue of fact again tried in another action. But the jury in this case having been directed to pass upon the issue of fact, their verdict was final upon that issue. We think the disposition made of the case involved the trial of an issue of fact, and that the defendant's claim cannot be sustained. These considerations lead us to the conclusion that the order appealed from was right, and should be affirmed. Order affirmed, with $10 costs, and printing disbursements. All concur.