### HARDING v. ELLSTON.

(*Orange County Court.* October 13, 1890.)

1. JUSTICES OF THE PEACE—ACTION INVOLVING TITLE TO LAND.
    Code Civil Proc. N. Y. §§ 2951, 2952, provide that an action in justice's court must be discontinued where defendant files an affidavit showing that the title to land will come in question, and delivers to the justice an undertaking, with one or more sureties, "approved by the justice," conditioned that defendant will admit service in a new action brought by plaintiff in the proper court. *Held* that, after such affidavit and undertaking have been filed by defendant, the justice could not retain

jurisdiction of the cause, by arbitrarily refusing to approve the undertaking, without examining the surety, and without giving any reasons for his disapproval, and that a judgment thereafter rendered against defendant in his absence must be reversed on appeal.

2. COSTS ON APPEAL—REVERSAL OF JUDGMENT.

The error committed by the justice in retaining jurisdiction of the cause after the filing of the undertaking by defendant was one of law, and on the reversal of the justice's judgment on appeal defendant is entitled to the costs as a matter of right, under Code Civil Proc. N. Y. § 3066, subd. 4, which provides that where a new trial is not had in the appellate court, and the judgment is reversed, the costs must be awarded to appellant.

Appeal from justice's court.

Action brought in justice's court by Harding against Ellston for trespass on land. Defendant set up title in himself, and delivered to the justice the statutory undertaking. The latter refused to approve the undertaking, and retained jurisdiction. Judgment was rendered for plaintiff in defendant's absence, and the latter appeals. Code Civil Proc. N. Y. §§ 2951, 2952, are as follows: "Sec. 2951. The defendant may, either with or without other matter of defense, set forth in his answer facts showing that the title to real property will come in question. Such an answer must be in writing; and it must be signed by the defendant, or his attorney or agent, and delivered to the justice.° The justice must thereupon countersign the answer, and deliver it to the plaintiff. Sec. 2952. In the case specified in the last section, the defendant must also deliver to the justice, with the answer, a written undertaking, executed by one or more sureties, approved by the justice; to the effect that if the plaintiff, within twenty days thereafter, deposits with the justice a summons and complaint in a new action, for the same cause, to be brought in the proper court, as prescribed in the next section, the defendant will, within twenty days after the deposit, give a written admission of the service thereof." Section 3066, subd. 4, provides that on appeal from justice's court, where a new trial is not had in the appellate court, costs must be awarded to appellant, if the judgment is reversed.

*S. S. Gowdey*, for appellant.    *George H. Decker*, for respondent.

BEATIE, C. J.    This action was brought to recover damages for an alleged trespass upon lands belonging to the plaintiff. The defendant answered, setting up title in himself. The answer was in proper form, and was duly countersigned by the justice, as required by law. Code Civil Proc. § 2951. The defendant also delivered with the answer an undertaking, signed by the defendant and a surety, conditioned as required by the statute. Code, § 2952. The surety justified in the sum of $400, an amount twice as great as he would, in any event, be liable to pay upon a breach of the condition of the undertaking. The justice in his return states that he did not approve the undertaking. Upon a later day he proceeded with the trial of the action, and judgment was rendered against the defendant in his absence. The law governing the practice in justices' courts upon a plea of title to land has been practically unchanged since 1820. 1 Rev. Laws, 390; 2 Rev. St. 1846, 334; Code 1848, § 55; Code Civil Proc. § 2951. While the law provides for an approval of the undertaking by the justice, it does not provide any penalty or mode of procedure in the event of a failure or refusal of the justice to approve. It does provide (section 2954) that, upon the delivery of the undertaking to the justice, the action shall be discontinued. It further provides (section 2955) that, if the undertaking is not delivered to the justice, he has jurisdiction of the action, and must proceed therein. The statute does not provide for a justification by the sureties, but the justice would probably have authority to examine the sureties as to their responsibility, upon the presentation of the undertaking, and before a formal delivery of it to him. If the surety was not satisfactory to the justice, he might show by his record his reasons for disapproval, and so retain jurisdiction of the action. In this

case it does not appear that the surety was examined by the justice, nor is any reason assigned by him for his refusal to approve the undertaking. It was delivered to him, and filed, and is returned upon this appeal as a part of the record in the action. I think the delivery of the undertaking to the justice, and his retention of it, were sufficient to oust him of jurisdiction. If not sufficient, his refusal to approve the undertaking, without some reason therefor being given, was wholly without authority. In either view, the judgment must be reversed.

It is claimed that, if the judgment must be reversed, the respondent should not be held liable for the costs of the appeal. The error committed by the justice was an error of law, and the appeal is taken on questions of law only. No error of fact is suggested, nor can a new trial be directed. The result is subject to subdivision 4 of section 3066 of the Code, and the right to costs is absolute upon reversal. The decisions are uniformly to that effect, and my attention has not been called to any case to support the contention of the counsel for the respondent. Judgment reversed, with costs.