(14 Misc. Rep. 342.)

### MANFREDI v. WIEDERMAN et al.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

JUSTICE OF THE PEACE—JURISDICTION—ACTIONS INVOLVING TITLE TO LAND.
An answer alleging that defendants were the "owners in fee" of the premises at the time of the trespass sued for sufficiently sets forth "facts showing that title to real property will come in question" (Code Civ. Proc. § 2951) to require the justice to discontinue the action.

Appeal from Eighth district court.

Action by Frank Manfredi against Morris Wiederman and others for trespass. There was a judgment for plaintiff, and defendants appeal. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Eugene Sondheim, for appellants.
James F. Higging, for respondent.

BISCHOFF, J. To an action for damages, arising out of a trespass by the defendants upon certain premises of which plaintiff was the occupant, an answer of title was interposed and an undertaking given, as required by sections 2951 and 2952 of the Code of Civil Procedure. No objection to the sureties was made, and the justice retained the undertaking, but refused to discontinue the action, which refusal forms the appellants' chief grievance upon this appeal. If the answer was in proper form, the justice's retention of the undertaking sufficed to oust him of jurisdiction (Harding v. Ellston, [Co. Ct.] 13 N. Y. Supp. 549; Code Civ. Proc. § 2954; Consolidation Act, § 1286, subd. 1); and therefore the judgment must be reversed if compliance with section 2951 of the Code, as to the form of the pleading, is disclosed. The defendant is required by that section to set forth in his answer "facts showing that the title to real property will come in question," and "title" in this connection means "right of possession." Dunster v. Kelly, 110 N. Y. 561, 18 N. E. 361; Heintz v. Dellinger, 28 How. Prac. 39; Ehle v. Quackenboss, 6 Hill, 537. The "right of possession" was certainly a material question in this action; and, there being an allegation that defendants were the "owners in fee" of the premises at the time of the alleged trespass, the answer sufficiently raised an issue of "title," without further particularity as to surrounding circumstances. Abb. Trial Brief, tit. "Pleadings," §§ 356, 956, and cases cited. It results that the judgment must be reversed, with costs, and the cause remanded to the court below, for removal into the supreme court.