## FARUOLO v. RAFANELLI.

(Supreme Court, Appellate Term. November 6, 1903.)

1. APPEAL FROM MUNICIPAL COURT—ABSOLUTE REVERSAL—ALLOWANCE OF COSTS.

Where a judgment of the Municipal Court has been rendered without jurisdiction, so that on appeal it must be absolutely reversed, costs must be allowed appellant, under Municipal Court Act, § 345 (Laws 1902, p. 1590, c. 580), so providing, though respondent by written stipulation offered in the court below to allow a reversal without costs.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles R. Faruolo against George Rafanelli. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

A. Finelite, for appellant.

P. S. Siatta, for respondent.

FREEDMAN, P. J. In this action the respondent concedes that the court below did not render a judgment within the 14 days required by the statute, and that the judgment is a nullity. In such a case the court below loses jurisdiction, and, where an inferior court has rendered a judgment without jurisdiction, the appellate court may so far act as to reverse the judgment for want of jurisdiction. MacMahon v. Rauhr, 47 N. Y. 67; Lambert v. Salomon, 28 Misc. Rep. 562, 59 N. Y. Supp. 676. The respondent urges, however, that, inasmuch as he at several times has by written stipulation offered to allow the judgment in the court below to be reversed without costs, this court should reverse the judgment, and grant a new trial, without costs. This we are without power to do. This court cannot confer jurisdiction over either of the parties or the subject-matter after the same has been lost by the trial court. In such a case an absolute reversal of the judgment must be granted, and in cases of an absolute reversal the prevailing party is entitled to costs. Section 345, Municipal Court Act (Laws 1902, p. 1590, c. 580); Harding v. Ellston, 19 Civ. Proc. R. 252, 13 N. Y. Supp. 549; Wood v. Brown, 6 Daly, 428. Had the respondent herein availed himself of the provisions of section 325 of the Municipal Court act (Laws 1902, p. 1583, c. 580), only the sum of $5 could have been taxed upon reversal.

Judgment reversed, with costs. All concur.