JOHN WARREN, Respondent, *v.* LUTHER S. SABIN, Appellant.

(GENERAL TERM, THIRD DISTRICT, MAY, 1869.)

Plaintiff and defendant owned and occupied contiguous premises, facing a highway; defendant drove a post, partly on the plaintiff's land, at the point where their front fences came together, claiming the right to maintain it there, as part of his front fence. In an action by plaintiff, to recover damages for trespass, on account thereof—*Held,* the jury were rightly instructed that the post was not part of a division fence.

The rule as to division fences permits them to be placed equally on the land of each adjoining owner.

It has its foundation wholly in the statute, and does not apply to fences meeting on the front of adjoining premises. Such fences are required to terminate at the division line.

APPEAL by defendant from a judgment entered upon a verdict at the Rensselaer Circuit. The action was to recover damages against defendant for his driving a post on plaintiff's land.

The answer denied that it was plaintiff's land, and claimed that the land where the post was driven was the property of defendant's wife, by whose authority the post was driven. The parties were occupants and owners of adjoining lands, and maintained, by agreement between them, equal portions of a division fence.

The plaintiff recovered a verdict for nominal damages, and the defendant appealed to this court.

*F. Rising,* for the appellant.

*R. H. Parmenter,* for the respondent.

Present—MILLER, INGALLS and PECKHAM, JJ.

By the Court—PECKHAM, J. The only point made upon this appeal is the alleged error of the justice, at the trial, in charging the jury, that the plaintiff was entitled to recover if the post, or any part of it, was upon the plaintiff's land; and in refusing to charge to the contrary, or to charge that that post was part of a division fence, and, hence, that defendant had the right to place it half on one side and half on the other side of the line between the parties. The justice, at the trial, charged that the defendant had the right to put the post there, in part, upon the plaintiff's land, "if it was put there for the division fence, or for part of the division fence, or for a division line." But the court added that it did not regard this post as part of a division fence or line between the parties. This part of the charge, and of the refusal to charge, was excepted to by the defendant.

Was it right? In my opinion it was. The doctrine as to division fences being placed partly on the land of each owner, has its foundation entirely in the statute. Our statute provides that "where two or more persons have lands adjoining, each must maintain a just proportion of the division fence between them."

Under this statute it is clear, upon principle and authority, that the owners are bound to erect and maintain a line or division fence, and should make it equally upon the lands of each. The difficulty in the defendant's case seems to be that on the north side of this lot conveyed to plaintiff, there was no division fence, and could be none. On the north side their lands did not "adjoin." They adjoined only on the westerly line of the plaintiff's, and the easterly line of the defendant's land. The northerly side of plaintiff's land adjoined the public highway. It is not pretended that this post complained of was put there as any part of the fence running north and south, which was and could be the only division fence between the parties; the only fence between adjoining lands. It was claimed to be a part of the defendant's fence, running on the north side of his lot. If it were a part of that fence (of which I am not satisfied on the

evidence; it seems to have been put there simply to obstruct the plaintiff's gate; to assert the defendant's right to place it there) there was no necessity for putting any part of it on the plaintiff's land. The fence of the defendant on that line should run up to the line on one side, and the plaintiff's fence should run up to the same line from the other direction, to meet the defendant's fence. Such a fence is in no sense a division fence, and the statute has no sort of application to its location. (*Nowell* v. *Hill*, 2 Met., 180.)

This being the only point urged or presented in the points, as a ground for reversal, the judgment must be affirmed.

Judgment affirmed.