## CARPENTER vs. HALSEY.

The general rule that where a party is the owner of personal property which is upon the land of another, the former cannot commit a trespass by entering and taking it away, does not apply to that entry of a party which is necessary to enable him to make a partition fence between him and an adjoining owner.

The law compels each owner to make his portion; and this carries with it the right to such necessary occupation, for the time being, as is required, to comply with such legal duty.

THIS was an action for malicious prosecution, and is an appeal from an order denying a new trial, and also from the judgment entered in this action in pursuance of said order. The case was tried at the Tompkins circuit, and resulted in a verdict for the plaintiff for $75. The defend-ant moved for a new trial on a case and exceptions, which motion was denied, at the Schuyler special term, in June 1870, (in form as by the order, at that term,) and judgment ordered on the verdict. The defendant appealed from the order and from the judgment. There was no exception to the general charge of the judge to the jury, nor any to the requests to charge, except to the first and seventh requests, which are as follows: "I am requested to charge," first, "That an assault is committed by an attempt or offer to beat another, without touching him; as if one lift up his cane or fist in a threatening manner, and is an indictable offense. That is so, if he is within striking distance." Seventh. "That Carpenter had no right to take the stones, after being directed by Halsey not to do so." This depends upon the question, whether these stones were the stones which the plaintiff had brought there, to build his wall; and whether, in fact, they were the stones of the plaintiff, or not. If they were the plaintiff's stones, which he had brought there to erect this wall, then the defendant had no right to take the stones away, but the plaintiff had a right to lay them up in his wall."

The facts necessary to be stated, will appear in the opinion.

*Wm. Sprague,* for the plaintiff.

*Beers & Howard,* for the defendant.

*By the Court,* POTTER, J.   The parties own adjoining farms, the line fence between which had been divided between the plaintiff and a former owner of the defendant's land.   The defendant had occupied his land about two years, and had recognized the division of the fence, by building or repairing his half.   Previous to the defendant's ownership, the plaintiff had drawn stone from his land, and placed them in piles, or a winrow, as it was called, for a foundation or bottom upon which to build a part of his portion of the fence on a straight line.   The defendant's fence was a rail, crooked fence, a part being on each side of the line.   At the time in question, the plaintiff was laying up the stone he had so drawn some seven or eight years previous, into wall; these stones, it seems, were mostly on the defendant's side of the straight division line.   The defendant came and forbade the plaintiff using these stone, claiming them to be his, as being on his land. A dispute arose; the parties standing each on his own land, until the defendant commenced moving some of the stones, as the plaintiff testifies, from the wall, and throwing them back further upon his own land; but as the defendant testifies, it was the stone in the pile, not in the wall; the plaintiff forbade this two or three times; the defendant did not cease; the plaintiff, as he testifies, put his hand gently on the defendant's shoulder, to prevent his removing stone from the wall, and as the defendant testifies, it was with some considerable force; a womanly blow; then there was a clinch across the wall, and in the scuffle, the defendant somehow got over on the plaintiff's

Carpenter *v.* Halsey.

side; got the plaintiff down, and beat him severely. Whichever testimony is true, the extent of which, and the number of blows inflicted, is in conflict between them. The defendant immediately went to a justice of the peace, some four miles distant, obtained a warrant against the plaintiff for assault and battery; the plaintiff was arrested, held before the justice for examination, appeared twice; the defendant was sworn alone; and upon his own statement the justice dismissed the complaint; upon which this action for malicious prosecution was brought.

I have carefully examined the rulings of the judge on the trial, and find no one excepted to, that has sufficient merit to seriously discuss; nor do I see anything in the refusal of the judge to charge as law, that contains error sufficient to reverse the judgment. It is true, as a general rule, that where a party is the owner of personal property which is upon the land of another, the former cannot commit a trespass by entering and taking it away; but this rule, I apprehend, does not apply to that necessary entry of a party to enable him to make his partition fence. The law compels each owner to make his portion, and this, I think, carries with it the right to such necessary occupation, for the time being, as is required, to comply with such legal duty. The defendant had made his portion of the fence, exercising the same right which custom, and I think the law, recognizes, of a crooked fence, one half on each side of the line. And all who know what is practically necessary in performing this duty, will attest to the necessity of this law of custom and of implied right. The plaintiff had drawn these stones for the fence by the consent of the former proprietor, who had consented to this arrangement, and who had divided the line, and made such partition; and which had been adopted by the defendant as a line. But the complaint, which the plaintiff says he made, at the time of the conflict, was, that the defendant was removing the

stones that had been laid up in the wall, and which then constituted the partition fence; and it was to prevent this removal that he put his hand against the defendant, standing on his own side of the wall. It can hardly be assumed that the plaintiff could reach the defendant while removing stones five to eight feet upon the other side. If the stones the defendant was moving were those laid up in the wall, upon any theory, the defendant had no right to remove them. And whether these were the stones or not, was a question of fact, upon which question the testimony was in conflict. It does not necessarily appear that the judge intended any other stones than those which were laid up in the wall; but upon the other theory, I do not think the charge of Judge Mason was error.

I think the judgment should be affirmed.

Judgment affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Binghamton, June 6, 1871. *Miller*, P. J., and *Potter* and *Parker*, Justices.]