THOMAS PETTIGREW, Defendant in Error, *v.* DAVID H. LANCY, Plaintiff in Error.

1. *Unlawful detainer — Worm fence partly resting on land of adjoining pro-prietor, etc.* — Where one erects a worm or Virginia fence to separate his land from that of an adjoining owner, half of the width of the fence may rest upon the land of the latter, the fence being of suitable dimensions; and unlawful detainer will not lie against the builder for the land so occupied beyond the dividing line.

*Error to Andrew Circuit Court.*

*H. S. Kelley* and *J. J. Davis*, for plaintiff in error.

A partition or division fence may be made of rails in the form of a worm fence, one-half on either side of the mathematical or air line, and the owner or builder of the fence is not a trespasser, nor does he hold the land on which the fence stands adversely to the rights of the adjacent owner. (Dysatt v. Leeds, 2 Barr, 488; U. S. Dig. tit. Fences, 274, §§ 4, 5; 18 Barb., N. Y., 397; Newall v. Hill, 2 Metc., Mass., 180; Sparhawk v. Twitchell, 1 Allen, Mass., 450.) Hence, the court should have refused the plaintiff's instruction and given the defendant's.

*Heren & Reed*, for defendant in error.

I. If the plaintiff in error had inclosed with his said fence into his own inclosure ten acres of the land of defendant in error, no one could doubt but that it would be an unlawful detainer under the circumstances in this case. Because this is a small strip of land it makes no difference.

II. The parties abandoned the idea and arrangement that this fence should stand on the line and be a division and partition fence—the said plaintiff in error, as is shown by his own evidence, being the first to do so; and the defendant in error acting upon the notice given him by said plaintiff in error, the dissolution of the partnership fence was complete. Hence the act entitled "An act concerning partition fences, and to encourage the growing of hedges as such," approved March 4th, 1869, does not apply. (Sess. Acts 1869, pp. 22, 23.)

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding under the statute for an unlawful detainer. It appears that the parties were adjoining land-owners, and built a division fence upon the line dividing their respective lots, each building half. The evidence tended to show that the center of the defendant's portion of the fence was upon the line separating the lots, the angles or corners of the fence projecting upon the adjoining ground. The fence was what is described as a worm or Virginia fence. It further appeared in evidence that six months prior to the institution of the suit, the plaintiff gave the defendant notice to remove so much of his fence as rested upon the plaintiff's lot.

At the trial the court instructed the jury for the plaintiff, upon the theory that the defendant had no right to build or continue any portion of his fence upon the plaintiff's ground in the manner indicated in the evidence, and refused to instruct for the defendant upon the opposite theory. The instruction refused directed the jury to find for the defendant if they were satisfied from the evidence that the fence served as a division fence, was such as a good husbandman ought to build and maintain, and was erected as nearly as practicable upon the line dividing the lots of the parties, no more of it projecting upon the plaintiff's than upon the defendant's land.

The action of the court in giving the plaintiff's instruction and refusing that of the defendant was clearly erroneous, and must have misled the jury as to the law of the case. It is very well settled that, in the erection of division fences, half the width of the fence may rest upon the ground of each adjoining proprietor, the fence being of suitable dimensions. The rule applies to the worm or Virginia fence. (1 Wagn. Stat. 706, §§ 1, 2; Sess. Acts 1869, pp. 21, 22; Warren v. Hill, 2 Metc. 180; Ferris v. Van Buskirk, 18 Barb. 307; Sparhawk v. Twitchell, 1 Allen, 450.) But the court instructed the jury upon an opposite view of the law.

It is suggested, however, that the fence in question, although originally a proper division fence, had ceased to be such in con-

sequence of the action of the defendant. There was evidence tending to show that the defendant, prior to any action being taken by the plaintiff, notified the latter to remove his half of the fence from the defendant's land — that is, that portion of the line of fencing which belonged to the plaintiff—and there was evidence tending to show that the plaintiff had in fact so removed it. It is urged that this action of the parties — the defendant giving the notice and the plaintiff acting upon it — entitled the plaintiff to exclude every portion of the defendant's fence from the plaintiff's land. Whatever there may be in this view, it is sufficient to say that the plaintiff's instruction given by the court embodied no such theory of the law. It directed the jury to find for the plaintiff independently of the fact upon which the theory rests.

The judgment will be reversed and the cause remanded. The other judges concur.