The judgment and order appealed from should be affirmed.

All concur except Ruger, Ch. J., not voting.

Judgment affirmed.

---

John Leprell et al., Appellants, *v.* Barbara Kleinschmidt, Respondent.

If a complaint states a cause of action in ejectment, and also another in the same count for trespass, or for a nuisance, and the trial proceeds without objection, plaintiff may recover in ejectment, or for such other cause of action established by the evidence as he may elect on trial.

Whenever a person enters upon and takes permanent possession of the lands of another, claiming title thereto, whether the controversy arises over a disputed boundary or otherwise, this is an unlawful entry and ouster for which an action of ejectment is the appropriate remedy.

Plaintiffs' complaint alleged that they were the owners of and entitled to the immediate possession of a certain lot of land, described by metes and bounds; that defendant, notwithstanding their protest, erected certain buildings on her adjoining lot, which projected over and upon plaintiffs' premises, as did also the eaves of said buildings, and that plaintiffs had demanded the removal of the buildings from their

premises    Judgment was demanded for possession of the premises intruded upon, with damages, etc.  The answer admitted the ownership by plaintiffs of the premises described in the complaint, but denied that either of said buildings erected by defendant projected upon or occupied the same.  On the trial the jury found a general verdict for plaintiffs, and located the boundary line as " three-tenths of a foot north of the north face of the foundation wall of defendant's house."  *Held*, that the action was to recover real property within the meaning of the Code of Civil Procedure (§ 3228), and the answer put in issue the ownership of the land occupied by defendant's buildings, or parts thereof ; that the fact the complaint alleged that the eaves projected did not prevent plaintiffs from recovering for the wrongful occupation of their land by a permanent structure; also, that the location of the true line was not in conflict with the general finding, but in aid thereof, as enabling the court, in framing its judgment, to describe the premises to the possession of which the plaintiffs were entitled; and that, therefore, plaintiffs were entitled to costs.

*Heintz* v. *Dellinger* (28 How. Pr. 39) overruled.

As to whether ejectment will lie for the projection of the eaves of a building over the lands of another, *quære*.

(Submitted January 29, 1889; decided February 8, 1889.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made June 23, 1888, which reversed an order of Special Term denying a motion on the part of defendant for a disallowance of plaintiffs' costs herein, and which granted said motion.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank M. Loomis* for appellants.  The action being one "to recover real property or an interest in real property," and the jury having rendered a verdict in favor of the plaintiffs, they are entitled to recover costs.  (Code Civil Pro. § 3228, subd. 1.)  The averment of facts, which certainly constitute an entry, eviction and detention, is a better averment thereof than would be a general formal allegation of entry and detention without any statement of facts.  The characterization of such facts in the complaint as an entry and detention could not add any force to the statement of the facts themselves.  (*Van Voorhees* v. *Kelly*, 31 Hun, 293–296.)  Even

if it were to be assumed that the facts stated in the complaint
are sufficient upon which to base an action of trespass, as well
as an action in ejectment, the prayer of the complaint demand-
ing possession of the premises in suit clearly shows that the
action is ejectment. (*Swart* v. *Boughton*, 35 Hun, 281–285.)
The demand of judgment for $500 damages, in addition to the
demand for the possession of the premises in suit, does not
make the action any the less one in ejectment. (*Bucher* v.
*Carroll*, 19 Hun, 618.)

*Baker & Schwartz* for respondent. If the derenaant as
illegally erected buildings on the plaintiffs' premises, the
portions of them which are beyond the dividing line and
occupy the plaintiffs' premises, did become and are the
plaintiffs' property. (*Graham* v. *Connersville R. R. Co.*, 36
Ind. 463; *Dewey* v. *Bordwell*, 9 Wend. 65.) Ejectment
does not lie for the recovery of the possession of what a
sheriff, by virtue of an execution, would be unable to place
the successful party in possession. (*Aiken* v. *Benedict*, 39
Barb. 400; Code Civ. Pro. § 1519; *De Witt* v. *Vil. of Ithaca*,
15 Hun, 568, 572.) The complaint does not properly state a
case in ejectment. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101
N. Y. 98.) The recovery referred to in section 3228 of the
Code of Civil Procedure, which entitles the plaintiff to costs,
means "a recovery in an action where a claim of title arises.
It means that such a claim of title shall arise on the entire
pleadings, and that the recovery shall be in hostility to such
claim." Hence plaintiffs were not entitled to costs herein.
(*Burhans* v. *Tibbitts*, 7 How. Pr. 74; *Learn* v. *Currier*, 15
Hun, 184; 76 N. Y. 625.) Ejectment does not lie for
what the complaint contains. (*Wheelock* v. *Noonan*, 108
N. Y. 179.)

RUGER, Ch. J. Section 3228 of the Coue of Civil Procedure
provides that " the plaintiff is entitled to costs of course, upon
the rendering of a final judgment in his favor in either of the
following actions: 1st. An action triable by jury to recover

real property, or an interest in real property, or in which a claim of title to real property arises upon the pleadings, or is certified to have come in question upon the trial."

The plaintiffs, having recovered a general verdict in the action, claim the right to tax costs against the defendant by virtue of the above provisions. The defendant disputes this claim, and alleges that title to real estate was not involved in the action.

The complaint alleged that the plaintiffs were the owners of and entitled to the immediate possession of a certain lot of land in the city of Buffalo, describing it by metes and bounds, and that the defendant owned a lot adjoining, and had during the year 1885 erected three several buildings on the northerly line of her premises, the first of which projected about four and one-half inches, and the second and third buildings from about three inches to fifteen inches, over and on to the premises of the plaintiffs, and that the eaves of all of said buildings projected over the division line between the premises of the plaintiffs and defendant, and on to the premises of the plaintiffs, that the plaintiffs protested against the erection of said buildings and have since demanded their removal from plaintiffs' premises. They demanded judgment for the possession of the premises intruded upon by the said defendant and damages for the intrusion and the costs of the action.

The answer admitted the ownership of the plaintiffs to the premises described in the complaint, but denied that either of the said buildings erected by the defendant, or any part thereof, projected upon or occupied the plaintiffs' premises, as alleged in the complaint, or otherwise, and demanded judgment that the complaint be dismissed, with costs Upon the trial, the jury rendered a general verdict for the plaintiffs, and found that the true line was, according to the Mann and Young survey, three-tenths of a foot north of the north face of the foundation-wall of defendant's house. We are inclined to think that the complaint, within the liberal rule established by the Code for the construction of pleadings, stated a good cause of action in ejectment. (Bouvier's Insti-

tutes, § 3663.)   The rules governing the construction of pleadings in ejectment are the same which apply to other actions, and require a plain and concise statement of the facts constituting the cause of action, with a demand for the relief which such facts authorize.  If the complaint states a cause of action in ejectment, and also another in the same count for trespass or for nuisance, if the trial proceeds without objection, the plaintiff may recover in ejectment, or for such cause of action sustained by proof, as he may elect on the trial.   In the absence of proof as to what was done on the trial, we must assume that the court confined the jury to the verdict which the pleadings and evidence properly authorized.  If causes of action were improperly united or imperfectly stated in the complaint, the remedy of the defendant was by demurrer, or motion, and could not be made the ground of defeating the plaintiffs on the trial.

The complaint here described the property upon which entry was claimed to have been made, and alleged the ownership and right of possession to be in the plaintiffs; the erection by the defendant of permanent and substantial structures thereon, after being prohibited by plaintiffs from doing so, and thus impliedly charged a wrongful entry and a wrongful detention of possession by defendant.

The answer clearly put in issue the ownership of the land thus occupied by the defendant, and the plaintiffs' right to the possession of the property covered by the buildings or any part thereof.   While the complaint did not, in technical language, allege an entry by the defendant on the lands of the plaintiffs and the ouster of the plaintiffs therefrom, it did so substantially.   It alleged facts from which those conclusions were necessarily inferable, and which could not have mislead the defendant.   The issue in the case was whether the true line of the plaintiffs extended over the premises, or any part thereof, covered by the defendant with her buildings.

The plaintiffs alleged that this land, or some of it, belonged to them and they were entitled to its immediate possession, and the defendant denied this allegation.  (*Child* v. *Chappell*,

9 N. Y. 246.)   It is entirely immaterial that the plaintiffs also alleged that the eaves of the defendant's buildings projected over and upon their premises; for if such was the only intrusion upon their premises proved on the trial, it might have precluded them from obtaining a verdict in an action of ejectment; but it did not prevent the plaintiffs from recovering for the wrong done them by the occupation of their land with a permanent structure by the defendant.   We must assume on this appeal, that the trial court properly directed the jury and authorized a verdict upon the cause of action proved and legally presented by the complaint.   We do not undertake to decide whether an action of ejectment will lie for the projection of the eaves of a building over the lands of another, as the question does not arise on this appeal.   (*Sherry* v. *Frecking*, 4 Duer, 453; *Aiken* v. *Benedict*, 39 Barb. 400; *Vrooman* v. *Jackson*, 6 Hun, 326.)   Here the verdict logically shows a physicial entry by the defendant upon the land of the plaintiffs, and an unlawful detention of its possession from them.   The definition given by the Code of an action of ejectment is, that it is " an action to recover immediate possession of real property." (§ 3343, subd. 20.) · This action was clearly for the recovery of the possession of real property and the damages incidental to a wrongful occupation thereof by defendant, and seems to come within the express language of the definition.   We are not aware of any rule by which a dispute as to the true location of a boundary line between adjoining owners, does not involve questions of title to real estate, or constitutes any exception to the characteristics of an action of ejectment, or the remedies which that action affords.   Whenever one person enters upon and takes permanent possession of the real property of another, claiming title thereto, whether it arises over a disputed boundary or otherwise, an unlawful entry and ouster has been made, for which an action of ejectment is the appropriate and only sufficient remedy.   In actual practice, it cannot be disputed but that a large proportion of actions of ejectment heretofore tried in this state involved

only questions of boundary, and it is novel doctrine to say that they did not also involve the question of title to real estate. The case of *Heintz* v. *Dellinger* (28 How. Pr. 39), was a Special Term case, and seems to favor such a conclusion; but we are unable to concur in the theory by which the learned judge reaches the result apparently arrived at in that case. We think it is at war with the general understanding as to the necessary elements and characteristics of the modern action of ejectment. The decision of the General Term practically denies to the plaintiffs any benefit from the trial and verdict. We think it would be unjust to turn the plaintiffs out of court and compel them to seek relief in another form, so long as some relief can be afforded them under the pleadings and proof in this action. (*Holmes* v. *Seely*, 17 Wend. 78.)

The location of the true line by the verdict is not, we think, in conflict with the general finding for the plaintiffs, but is in aid thereof, and enables the court, in framing its judgment, to define the precise premises to the possession of which the plaintiffs became entitled by their verdict. We can perceive no difficulty in the ability of the sheriff to execute the judgment of the court and put the plaintiffs in possession of the lands awarded to them by the verdict. A line running three-tenths of a foot north of the north face of the foundation wall of the defendant's house, and extending from front to rear of her lot, would determine the exact extent of defendant's encroachment upon the premises of the plaintiffs, and the extent of the land which they are entitled to recover.

The order of the General Term should be reversed, and that of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.