SOPHIA SHAW, Appellant, *v.* MILES BROADBENT, Respondent.

It is not sufficient for a party, who sets up a prior judgment as a bar, to produce a record showing a judicial determination in his favor of the question in litigation; he must also show that the judgment was rendered upon the merits, that the question was a material one in the former action, and that it was disposed of upon substantially the same facts as are presented in the subsequent action.

In an action to enforce the specific performance of a parol contract to convey land, these facts appeared and were found: That defendant agreed to build a house on a lot owned by him and to convey the premises to plaintiff for $1,200, to be applied on an account plaintiff had against defendant. The house was built and possession given to plaintiff, and she still continues in possession thereof. Plaintiff thereafter brought an action against defendant on the account without crediting the $1,200. An attachment was issued therein, under which defendant's property was levied upon. The attachment was vacated and thereupon the defendant brought an action upon the undertaking, given when the attachment was issued, to recover his damages. In her answer in that action the plaintiff here set up the said contract as a defense, and demanded a conveyance of said premises in accordance therewith. No reply was served. Upon the trial of that action, the counsel of the defendant therein (the plaintiff here) offered to prove said contract; this was objected to by plaintiff and the evidence excluded, the court holding that the effect of the complaint in the action upon the account was to waive the agreement, plaintiff therein having elected to sue for the money instead of giving the credit and taking the land. The court, in the action upon the undertaking, found that said premises were the property of and belonged to the plaintiff therein, that none of the allegations of defendant's answer were sustained, and rendered judgment in favor of said plaintiff for his damages. Thereupon the plaintiff here, in her action upon the account, moved for leave to amend her complaint by inserting an allegation as to the contract and giving the credit. This motion was granted, as the court stated, without passing upon or adjudicating the question whether such an agreement was made, and without impairing the effect of the decision and adjudication in the action on the undertaking upon the rights of the parties. The complaint was amended accordingly, and the defendant answered denying generally its allegations, without setting up the judgment in his favor. The trial resulted in a finding that the alleged contract was made; that defendant built the house and gave possession thereof to plaintiff, and that she had since occupied, claiming to own it, with the understanding that she was to credit the defendant with $1,200 on account. This, with payments made, satisfied the account in full, and a judgment was directed in favor of defendant, dismissing the complaint. Defendant entered

judgment thereon. The court in the present action dismissed the complaint on the ground that the judgment in the action on the undertaking was a bar. *Held,* error; that, on the contrary, the former judgment in the action on the account was an adjudication in plaintiff's favor, upon the material issue in this action, and inasmuch as the defense plead to the action on the undertaking was irrelevant as a defense or counterclaim the ruling thereon did not affect the conclusive force of the subsequent adjudication in plaintiffs' favor.

Also *held,* that if said judgment could be considered as an adjudication that plaintiff had waived her right to a specific performance, its conclusiveness as a bar was taken away by the amendment of the complaint; as when, by such amendment, credit was given for the contract price of the land, it could no longer be considered that plaintiff had, by that action, waived her rights under the contract, or elected to take money instead of the land.

Also *held,* that, conceding defendant's judgment was an adjudication in his favor as to the validity of the contract of purchase, there was an equally valid adjudication against him; and that the one estoppel neutralized the other, and so the question was left open to be again tried.

(Argued October 16, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 31, 1891, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. C. Barnum* for appellant. The action on the attachment bond is no bar to this action. (*People* v. *Dennison,* 84 N. Y. 273; *DeGraaf* v. *Wyckoff,* 118 id. 1; *Stowell* v. *Chamberlain,* 60 id. 272; *Sweet* v. *Tuttle,* 14 id. 465.) The judgment in the action tried before the referee is not a bar to the maintenance of this action, nor was the commencement of that action a waiver of the right to bring this action. (*Perry* v. *Dickerson,* 85 N. Y. 345.) By entering judgment on the referee's decision in the account action defendant ratified the contract to convey, and waived the bar, if any, arising from the ruling in the bond action, and the waiver, if any, by plaintiff's commencing the account action. (*Walker* v. *Henry,* 85

N. Y. 130; *Bagley* v. *Jennings*, 11 N. Y. Supp. 386; *Cowenhoven* v. *Ball*, 118 N. Y. 235; *Tibbitts* v. *Straplinger*, 60 N. H. 491; *LeFarge* v. *Herter*, 9 N. Y. 243; *Shepard* v. *Hamilton*, 29 Barb. 159; *O'Hara* v. *State*, 112 N. Y. 155; *Mayor, etc.*, v. *Sonneborn*, 113 id. 426; *Mills* v. *Hoffman*, 92 id. 182; *Hemingway* v. *Poucher*, 98 id. 286; *Pendleton* v. *Dalton*, 92 N. C. 186; *W. A. Co.* v. *Barlow*, 63 N. Y. 69; *Hooker* v. *Hubbard*, 102 Mass. 241; *Bolen* v. *Cumby*, 53 Ark. 515; *Haack* v. *Weicken*, 118 N. Y. 75; *Smith* v. *Rathbun*, 75 id. 126; *Havens* v. *Sackett*, 15 id. 369; *Lee* v. *Tower*, 124 id. 370; *Alexander* v. *Alexander*, 104 id. 643; *Bennett* v. *Van Syckel*, 18 id. 481; *Murphy* v. *Spalding*, 46 id. 556; *Knapp* v. *Brown*, 45 id. 207; *Carle* v. *Oakley*, 97 id. 633; *Marvin* v. *Marvin*, 11 Abb. [N. S.] 97; *Flanders* v. *Merrimac*, 47 Wis. 623; *Walker* v. *Millard*, 29 N. Y. 379; *McQueen* v. *Gamble*, 33 Mich. 344; *Gilbert* v. *Margaretsville*, 18 Wkly. Dig. 256; *McBride* v. *Lathrop*, 38 N. W. Rep. 33; *McConnell* v. *People*, 71 Ill. 481; *In re Place*, 1 Redf. 276; 92 N. Y. 190; *Denver Co.* v. *Middaugh*, 21 Pac. Rep. 565; *McIvir* v. *Abernethy*, 5 South. Rep. 519.) If plaintiff by bringing the action on account waived and forfeited his right to a specific performance, that forfeiture was waived by defendant's entry of the judgment in that action. (*Kenyon* v. *Assn.*, 122 N. Y. 261.) The rule that a party cannot appeal from a judgment in his own favor, and that it is, therefore, not binding on him has no application. (*Murphy* v. *Spalding*, 46 N. Y. 556; *Corliss* v. *Ferguson*, 10 Wkly. Dig. 489; *Parker* v. *Newland*, 1 Hill, 89; *Bissell* v. *Marshall*, 6 Johns. 100; *Sarles* v. *Hyatt*, 1 Cow. 253; 2 Rumsey's Pr. 645.) The action is not barred by the Statute of Limitations. (*Peters* v. *Delaplaine*, 49 N. Y. 362; *McCotter* v. *Lawrence*, 4 Hun, 110.) The case is not within the Statute of Frauds and a written contract was unnecessary. (*Malius* v. *Brown*, 4 N. Y. 410; *Miller* v. *Ball*, 64 id. 286; *Winchell* v. *Winchell*, 100 id. 163; *Freeman* v. *Freeman*, 43 id. 39; *Lobdell* v. *Lobdell*, 36 id. 326; *Murray* v. *Jayne*, 8 Barb. 618.) Plaintiff cannot be denied a conveyance on the ground of *laches*. (*Deen* v. *Milne*, 113

N. Y. 303; *Bank* v. *Thompson*, 55 id. 7.) The exception taken to the finding of law that defendant was entitled to judgment was sufficient. (*Hemingway* v. *Poucher*, 98 N. Y. 287.) The facts are all found which entitle plaintiff to judgment, and a new trial is unnecessary and should not be ordered. (*Outwater* v. *Moore*, 124 N. Y. 66; *Price* v. *Price*, 33 Hun, 432; *Wood* v. *Supervisors*, 30 N. Y. S. R. 706; *Wood* v. *Baker*, 14 N. Y. Supp. 822.)

*George P. Decker* for respondent. The adjudication of the fact of plaintiff's waiver to hold defendant to a specific performance of the alleged agreement, being made in an action in a court of jurisdiction, competent to so decide, the matter being pleaded, traversed and actually presented to the court and a decision made thereon adverse to the party now seeking to avoid it, she never having reviewed that decision, and now making the same demand in another suit with the same party, becomes an absolute bar. (*Helck* v. *Reinheimer*, 105 N. Y. 470; *Barnard* v. *Onderdonk*, 98 id. 164; *Lorillard* v. *Clyde*, 122 id. 47; *Jordan* v. *Van Epps*, 85 id. 436; *Clemens* v. *Clemens*, 37 id. 73; *Sheldon* v. *Edwards*, 35 id. 279; *Collins* v. *Bennett*, 46 id. 491, 496; *Boerum* v. *Schenck*, 41 id. 192; *Blair* v. *Bartlett*, 75 id. 150; *Castle* v. *Noyes*, 14 id. 329; *Davis* v. *Talcott*, 12 id. 189.) A right in contract once actually abandoned or waived by the election of one party, cannot be regained by any subsequent act of the party so electing without the consent of the other contracting party, *i. e.*, an election once made is final. (*Graves* v. *White*, 87 N. Y. 465; *Friess* v. *Rider*, 24 id. 371; *Butler* v. *Miller*, 1 id. 504; *Stevens* v. *Hyde*, 32 Barb. 171; *Fullager* v. *Reville*, 3 Hun, 602; *Woods* v. *Perry*, 1 Barb. 130; *Shultz* v. *Bradley*, 57 N. Y. 648; *Ryckman* v. *Haight*, 15 Johns. 222; *Sheldon* v. *Edwards*, 55 N. Y. 286.) The defendant is not estopped from pleading the bar of the suit on the bond here, on the ground that the referee in the suit on account found the existence of the agreement to convey and allowed the $1,200 credit.) (Code Civ. Pro. § 1200; *Cauhape* v. *Parke*, 46 Hun, 306;

*Stowell* v. *Chamberlain*, 60 N. Y. 278.) The judgment is not appealable. (Code Civ. Pro. § 191.)

RUGER, Ch. J. This action was brought in July, 1887, to enforce the specific performance of a parol contract made by the defendant in 1880 to convey land to plaintiff, and resulted in a judgment for the defendant, which was affirmed on appeal by the General Term. The evidence was not returned in the case and the appeal was determined upon the findings of fact alone, and from these findings the case must be determined by this court.

The question is, what should have been the judgment of the court upon such facts, and it is our duty to order such a judgment as the findings of fact require. Among other things it was found by the trial court: " That in the year 1880 a contract was made between the parties hereto whereby in consideration of board furnished and to be furnished, and of other services rendered and to be rendered by plaintiff for defendant, defendant agreeing to build a house on a lot owned by defendant in the village of Holly, being the west half of the premises described in plaintiff's complaint herein, and convey the same to her to be applied at the agreed sum of $1,200 on account for board, borrowed money and other services which defendant owed plaintiff, and plaintiff agreed to pay therefor by giving credit therefor as aforesaid." And " that under said contract defendant did build a house on said lot and gave plaintiff possession thereof, who has ever since continued and still continues in possession thereof."

The trial court refused to decree the specific performance of the contract upon the ground that upon a previous trial between the same parties the question in controversy here had been adjudicated in favor of the defendant, thus constituting, as it was held, a bar to this action.

As appears from the findings there had been two actions prior to the present between the same parties which involved, to a certain extent, the subject of this controversy and in which judgments to a contrary effect had been rendered, and

these judgments are now claimed by each of the respective parties to be decisive of the present controversy in their favor respectively.

A chronological history of the prior litigation will show the relation which each action bore to the other, and the effect of the judgments rendered upon the rights of the parties respectively.

In July, 1883, Mrs. Shaw sued Broadbent in an action in the Supreme Court, upon account for board, borrowed money and services, and omitted to give credit in her complaint to the defendant for the sum of $1,200 now alleged to have been allowed as a payment on said account by the terms of the contract of purchase above stated.   She also obtained an attachment in that action, upon giving an undertaking in the sum of $250, as required by the Code, against the said defendant and under it his property was levied upon.   The attachment was vacated and set aside by the court in September, 1883, on motion of the defendant, whereupon he, in October, 1883, commenced an action on the attachment bond against Mrs. Shaw and one Wickens, the surety thereon, to recover the damages which he claimed to have suffered by reason of such attachment.

In answer to that action, Mrs. Shaw set up, as a second defense thereto, the contract of purchase above set forth and demanded judgment that Broadbent should be decreed to execute and deliver to her a conveyance of such premises in accordance with the terms of his contract, and that the complaint should be dismissed, with costs.   No reply seems to have been served to this answer.   The action came to trial in February, 1884, before a judge at Circuit without a jury and Mrs. Shaw's counsel, as a defense, offered to prove the contract to purchase set up as a second defense in her answer, which was objected to by Broadbent's counsel without specifying any grounds of objection, and the evidence was excluded by the court, the judge saying: "I place my decision upon the ground that the complaint in that action of Mrs. Shaw against the plaintiff, the effect of it is to waive the agreement on

account of the refusal of Mr. Broadbent to perform, and that she then elected to sue for the money that was due and owing." The ruling of the judge was perfectly proper although the reason given for it was erroneous.

The trial then proceeded and resulted in a decision in favor of the plaintiff for $100 damages and costs. The court found, among other things in that action, that said premises were the property of and belonged to the plaintiff in that action; and also that none of the allegations of defendant's answer were sustained, and as a conclusion of law, that plaintiff was entitled to damages and should have judgment therefor. Judgment was duly entered in accordance with such findings, in favor of Broadbent against Mrs. Shaw for such damages and costs in February, 1884. It was this judgment that was held in the court below to be *res adjudicata*, upon the question as to whether a contract of sale of the property in question had been made between the plaintiff and defendant.

We will now turn to the history of the action for board and services brought by the plaintiff against the defendant. In June, 1884, the plaintiff moved the court for leave to amend her complaint therein by introducing an allegation of the making of the contract to convey the house and lot in question and giving defendant credit to the extent of $1,200 for such premises on his indebtedness to her. This motion was opposed by the defendant, but was granted by the court without, as it says, passing upon or adjudicating the question whether such an agreement was made, and without impairing the effect of the decision and adjudication in the action on the attachment bond upon the rights of the parties. The complaint was amended in accordance with such order and the defendant put in an answer wholly denying the allegations of the amended complaint. The action then proceeded to a trial before a referee who, among others, made the following findings: "That defendant was indebted to plaintiff for board and extra services to the amount of $4,113.25, and that defendant had paid plaintiff in cash, at different times, in all $2,918.66;" and also "that in the summer of 1880, an arrangement was

made by and between the parties by which defendant built a house on a lot in Holley and gave possession of the same to the plaintiff, and she has lived in and occupied the same, claiming it as her own from some time in October, 1880, down to the present time, with the agreement and understanding that plaintiff should credit and allow defendant therefor on her account against him the sum of $1,200 as the price of said house and lot, and this sum must be credited to this defendant in this action in addition to the aforesaid $2,918.66 paid in cash, making in all to be allowed defendant the sum of $4,118.66, which I find defendant has paid to plaintiff on account in that action," and directed judgment in favor of the defendant dismissing the complaint, with costs.

The defendant caused judgment to be entered on July 12, 1887, in accordance with these findings in his own favor against the plaintiff, with costs. Upon this state of facts the trial court in this action dismissed the plaintiff's complaint and denied the plaintiff's prayer for specific performance.

We think the court erred in making this disposition of the case and should have ordered the defendant to perform specifically the contract which it expressly found he had made and partially executed.

The questions arising upon this statement of facts are : First. Whether the judgment of July 12, 1887, was effective as an adjudication in favor of the plaintiff upon the question litigated in this case. Second. Whether the judgment of February, 1884, in the suit of Broadbent against Shaw, upon the attachment bond, was an adjudication in the defendant's favor upon the same questions. And if these questions should both be answered in the affirmative then : Third. What is the effect upon the rights of the respective parties in this action who have each produced an adjudication in his or her favor respectively.

To answer the questions in the order in which they are stated, we are of the opinion that the judgment of July, 1887, was an adjudication in Mrs. Shaw's favor. The precise question arising in this case was made an issue by the plead-

ings in that action and was litigated on the trial and expressly found in Mrs. Shaw's favor by the referee. That finding was effective in establishing an offset to the plaintiff's claim in the action to the extent of $1,200 in defendant's favor. The judgment was to the effect that the contract of sale was made by Broadbent and that he was thereby entitled to the application of the purchase-price of the land upon his established indebtedness to Mrs. Price. The finding resulted in satisfying her claim against him and this result was secured by the entry of a judgment satisfying her claim against him and thus executing the contract so far as Mrs. Shaw's obligations were concerned. The result in that action might have been otherwise if the defendant had availed himself of the privilege reserved to him by the order of amendment of using the former judgment in his favor as a plea in bar to the amended complaint; but, instead of this, he not only neglected to plead such adjudication or to put it in evidence, but voluntarily went to trial under a general denial of the complaint and thereby consented to a retrial of the issues which he now alleges had been previously adjudicated in his favor. It is obvious that the force and effect of that judgment upon the rights of the parties as to the issues then tried and determined cannot be nullified by the posthumous production of a record, which might have defeated the claim if it had been properly presented on the trial. (*Revere Copper Co.* v. *Dimock*, 90 N. Y. 33; *S. C.*, 117 U. S. 559.)

If the trial of that cause was not to give the determination of the issues involved their natural effect, it is evident that the order permitting the trial was an idle ceremony.

We do not doubt, therefore, but that such judgment was in all material respects an adjudication in favor of the plaintiff as to the issues therein tried and determined. It is claimed, however, that this is overcome by the previous adjudication in favor of the defendant and it, therefore, becomes necessary to determine how far that judgment operated as an adjudication upon the questions litigated in this action.

It was held by the trial court and also by the General Term

that it was an adjudication upon such questions. We cannot agree with those courts in such conclusion. In order that a judgment should have the effect claimed, it is not enough that the party produce a record showing a judicial determination of the same question litigated in his favor, but it must also appear that it was rendered upon the merits, upon a material point and substantially upon the same facts presented in the subsequent case. (*Campbell* v. *Consalus*, 25 N. Y. 613 ; *People ex rel. Reilly* v. *Johnson*, 38 id. 63 ; *Weed* v. *Burt*, 78 id. 191 ; *Webb* v. *Buckelew*, 82 id. 555.)

There does not seem to have been any determination upon the merits of the second defense interposed. The question of fact tendered by the defendant's plea was not tried, but it was practically held that, admitting the truth of the plea, it did not constitute a defense to the action. The offer of proof was excluded, and there was no trial of the fact whether a contract had been made or not. The decision was placed upon the ground that the commencement of an action by Mrs. Shaw to recover her account amounted to an election of remedies, and was a waiver of her right to claim a specific performance of the contract to purchase. It hardly seems to us that this was a case for an election of remedies. The rights of the parties were fixed by contract, and neither party could rescind or waive the obligations of the contract without the consent of the other, but it is unnecessary to consider whether the decision of that court was correct or not, for if the decision was upon a material point, it would be equally binding upon the parties whether erroneous or not. It is, however, perfectly apparent that the decision, whatever it might have been, had no effect upon the determination of that case. The action was in tort to recover damages for the seizure of property under an attachment illegally issued. The fact that it was wrongfully issued was established by the order of the court setting it aside. How could it affect the plaintiff's right to recover in that action for the defendant to show that the attachment was issued upon a valid debt, or that she had a good cause of action against the

plaintiff for the specific performance of a contract to convey land. The plea was wholly insufficient, either as a counter-claim or a defense, and the evidence to sustain it was properly excluded by the court. It is quite immaterial whether it gave a good reason for its decision or not, as the evidence offered was, in any point of view, wholly inadmissible. It was com-, petent for the plaintiff to object that the answer did not state facts sufficient to constitute a defense at any time, and the court was bound to rule on that question when made.

It is said in the opinion below that if the parties consent to try an issue, they are bound by the decision. That may be true as a general proposition, but it does not affect this case, for the plaintiff never consented to try that issue. He raised the objection the first opportunity that was offered to him, and continued it until he obtained its exclusion by the court. The plaintiff objected to the trial of the issue tendered by the defendant, and the court decided that it should not be tried, and it was not tried. It may be said that the court tried and determined an issue of law as to the sufficiency of the evidence offered to constitute a defense, and that that determination was conclusive upon the parties. This would probably be so if the evidence offered could, in any view, operate as a defense to the action, but we have seen that it does not do so, and it was entirely immaterial in that action how the court decided the question. If the defendant then had proved her answer just as it was alleged, it could not have affected the judgment rendered by the court. A further answer to the conclusiveness of the judgment as a bar, is found in the changed character of the action effected by its amendment, which was there said to be a waiver of the plaintiff's right to a specific performance. In that action it appeared that the plaintiff had brought suit claiming a judgment for the entire indebtedness of the defendant to her, omitting to give credit for the $1,200 item. Whether that was such an election of remedies as precluded the plaintiff from claiming the specific performance of her contract to purchase, it is unnecessary now to inquire, but it is beyond question that when that action was, by order of the

court, converted into an action to collect her debt less the amount of the $1,200, it could no longer be considered a waiver of her rights under the contract, or an election to take money instead of the house and lot. There was nothing in the situation of the parties which estopped the plaintiff from changing the nature of her action if she felt so inclined, and when she received the sanction of the court to the change, the action became one practically for the enforcement of the contract. But even if it be conceded that the judgment of February, 1884, was an adjudication in the defendant's favor as to the validity of the contract of purchase between the parties, he is still met by the fact that there was an equally valid adjudication in the judgment of July, 1887, of the same questions in favor of the plaintiff. There is thus an estoppel against an estoppel which, in the language. of Lord .Coke, " setteth the matter at large." (2 Smith Leading Cases, pp. 620–800.)

In such a case it is held that one estoppel neutralizes the other, and the question is left to be tried over. (*Merserau* v. *Pearsall*, 19 N. Y. 108.) Such a trial seems to have been had in this case, and the result was a finding in the plaintiff's favor.

It follows from the views expressed, that the judgments of the General and Special Terms should be reversed, and judgment of specific performance of the contract of sale by the defendant should be ordered, with costs to plaintiff in all courts.

All concur.

Judgments reversed and ordered accordingly.