ALICE M. COLVIN, Respondent, *v.* SOPHIA SHAW, Appellant, Impleaded with Others.

*Estoppel — election of remedy — amended complaint — conclusion of law, not excepted to, reviewed.*

The assignee of a mortgage covering premises, a portion of which is subject to an equitable right in a third party derived from the mortgagee, is no more entitled to assert an estoppel as against such third party who, at the time of the purchase of the mortgage, was in the actual, open occupation of that portion of the mortgaged premises, than is the mortgagee himself.

The assertion in a complaint of a claim for an amount in excess of what was actually due to the plaintiff, by reason of the fact that a portion of the claim had been paid by a transfer to the plaintiff of an equitable interest in certain

mortgaged premises, does not necessarily establish an election on her part to relinquish her right in such mortgaged premises, where such plaintiff, in an affidavit accompanying such complaint on an application for an attachment, has set up the fact of her interest in the mortgaged premises as representing to the extent thereof an offset to the amount claimed by her in the complaint.

An amended complaint becomes, after its service, the only complaint in an action as between the parties, and for its purposes is as effectual as if it had been the original complaint.

It must be assumed on appeal that leave to amend was properly granted.

Although on an appeal it does not appear that any exception was taken to an erroneous conclusion of the court, yet, where exceptions were taken to refusals to find certain other conclusions of law which would have decided the matter favorably to the appellant, such conclusion of the court is open to consideration.

APPEAL by the defendant, Sophia Shaw, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orleans on the 9th day of August, 1893, upon the decision of the court, rendered after a trial at the Orleans Special Term, adjudging that the defendant is estopped from asserting her title to certain premises.

The action was brought against the defendant Shaw and others to foreclose a mortgage made by Miles Broadbent to Jonah D. Decker, of date of August 1, 1893, upon certain premises at Holley in Orleans county, to secure the payment of $600.

The defendant Shaw alleged an equitable title in herself to a portion of the premises arising from a contract with Broadbent to sell and convey such portion to her for a consideration, which she had paid, and pursuant to which she had taken possession, etc.

The trial court determined that as against the plaintiff she was estopped from asserting title to that portion of the premises.

*John M. Stull,* for the appellant.

*Daniel N. Salisbury,* for the respondent.

BRADLEY, J. :

The view of the trial court, as appears by the findings of fact, was that the defendant, Sophia Shaw, had, as against Miles Broadbent, the mortgagor, the equitable title to the west half of the premises described in the mortgage, but that she was estopped from asserting such title against the plaintiff. The facts, as found by the court, were that in the fall of 1880 the defendant Shaw went into the

possession of the west half of the premises under an agreement with Broadbent of purchase; that she paid him the purchase price in services, board, etc., and has since remained in the open, visible and notorious occupation and possession of the premises; that in June, 1883, and after his refusal to convey the premises to her, the defendant Shaw commenced an action against Broadbent to recover the sum of $2,085.52, alleged in her complaint to be due to her from him, without deducting the amount claimed by her to have been allowed in payment for land pursuant to the contract of purchase; that she procured an attachment to be issued against the property upon an affidavit made by one Wilson and another by herself, portions of which are set forth in the findings and which will hereafter be referred to. These affidavits were made and the attachment was issued in July, 1883, and upon the motion of the defendant in that action the attachment was vacated August 1, 1883. On that day the defendant Shaw made another affidavit upon which a like attachment was issued and levied upon the premises mentioned in the mortgage. The defendant in that action appeared therein. The complaint was not served until August 14, 1883, and in June, 1884, her motion to amend the complaint so as to express an allowance to the defendant therein by way of credit, $1,200, the amount of the purchase price of the premises as per her contract of purchase, was made and granted.

The complaint was amended accordingly.. The action was afterwards tried and complaint dismissed. In the meantime and in October, 1883, Broadbent had brought an action against Shaw and her surety on the bond given upon the issuing of the first attachment, which was vacated, and she in that action alleged her equitable title and demanded relief founded upon it. The action came to trial in February, 1884, and the plaintiff there recovered judgment for damages arising from the, levy of the attachment. In 1887 the defendant Shaw commenced an action against Broadbent for specific performance of the contract.

The trial resulted in judgment dismissing the complaint, affirmed at General Term and reversed by the Court of Appeals, and by the judgment of the latter court specific performance of the contract was directed and judgment was perfected accordingly, with costs. (*Shaw* v. *Broadbent*, 129 N. Y. 114.)

We are thus led to the conclusion that as between the parties to that action the defendant Shaw had the equitable title to the west half of the premises described in the mortgage. The question remaining is whether such title in her is available against the mort-gagee and his assigns ? The mortgagee was an attorney at law and was attorney and counsel for Broadbent in the actions of Shaw against him before mentioned, and in his action against her upon the bond made to obtain the attachment which was vacated, and on the same day it was accomplished and before Shaw could with diligence get another attachment levied upon the property, he took from his client the mortgage in question, and it was afterwards assigned to the plaintiff.

It is said that she was estopped from asserting her title as against Decker, the mortgagee, by reason of the facts stated in the affidavits upon which the first attachment was issued, and because she by her action had elected to sue for the full amount of her claim, not allowing to Broadbent the portion of it which had been applied as payment for the land. The matters stated in her affidavit to procure the attachment are not such as create any estoppel. She there stated that a cause of action existed in her favor against Broadbent to recover about $1,000 for board bill and services, and that she was then entitled to recover therefor such sum. She also states that " the defendant had been a boarder and occupant of certain premises in the village of Brockport, in the county of Monroe, and the village of Holley, in the county of Orleans, as such boarder ;" and further, that the " defendant is the owner of certain land premises in the village of Holley and county of Orleans, or has a large mortgage interest in said property." He was the owner of the east half of the premises described in the mortgage. It was only in the west half of them that Shaw claimed an interest. The levy of the attachment upon the whole was the act of the sheriff, and could not be treated as her act, nor could the affidavit of Wilson, made in support of her application for the attachment, be so treated for the purpose of creating an estoppel. And Decker, at the time that he took the mortgage, could not have been advised that the action was brought to recover any sum in excess of $1,000, because the complaint was not served until two weeks after that time. Nor could he have learned from the papers, or otherwise than from his client,

that the claim made by the complaint embraced that which constituted the consideration for the sale to her of land which she occupied. There was, therefore, nothing in the papers or proceedings on the part of Shaw in her action up to the time when Decker took the mortgage to enable him to effectually charge that she was estopped from asserting her equitable title to the west half of the premises; nor did the adjudication in the action against her and her surety upon the bond support such charge. (*Shaw* v. *Broadbent*, 129 N. Y. 114.)

She was then, and had been for three years, in the actual possession of that portion of the premises. This was notice to the mortgagee of such equitable right, title or interest as she had in the land. (*Gouverneur* v. *Lynch*, 2 Paige, 300; *Union College* v. *Wheeler*, 61 N. Y. 88.)

The assignee of the mortgage occupies no more favorable position to assert estoppel than did the mortgagee himself. (*Schafer* v. *Reilly*, 50 N. Y. 61.)

It is urged, however, that inasmuch as Shaw brought her action to recover her claim for board and services against Broadbent, she made her election of remedy, and thereafter could not be permitted to assert any claim founded upon the contract with him for the sale and purchase of the land. It is true that when a party has two inconsistent remedies, and he pursues one of them, he will not be permitted to avail himself of the other. (*Moller* v. *Tuska*, 87 N. Y. 166; *Conrow* v. *Little*, 115 id. 387; *Terry* v. *Munger*, 121 id. 161; *Crossman* v. *U. R. Co.*, 127 id. 34.)

It may be assumed that Broadbent had refused to convey the land to Shaw in performance of the contract, and that in her action thereafter brought she, by her complaint as originally prepared, alleged due her from him a greater sum than she was entitled to recover if she allowed to him credit for the $1,200 which was the contract price of the purchase, but she, nevertheless, claimed ineffectually, as the result of the action established, that there was due her a sum in excess of that consideration. It has been observed that in her affidavit to obtain the first attachment, while she stated nothing about the purchase or its consideration, she there stated as the amount due from Broadbent only about $1,000 over and above counterclaims, discounts or set-offs. In her affidavit made the day

of the date of the mortgage to obtain the second attachment she made the same statement, and, after stating the facts out of which the claim arose, added that he " turned out and over to her certain real estate situate in Holley, but delivered her no deed therefor as yet, but put her in possession thereof for the purpose of having its value thereof applied upon any general indebtedness which he was owing her, and which value was called $1,200, leaving the balance justly due and owing to her by him, by reason of the matters aforesaid, the aforesaid sum of $1,000, with interest, as above stated, over and above all counterclaims, discounts or set-offs in his favor against her, known to her." The fact that she alleged in her complaint a claim against Broadbent in excess of that she was entitled to recover, or beyond that which she in her affidavit stated was due her over counterclaims and set-offs, did not necessarily establish the fact that she had elected to relinquish such right as she had under the contract, nor did the omission to mention such contract in the complaint, and expressly therein give credit to the defendant for the amount, necessarily require the conclusion that she had made the election to recover that which constituted the consideration of the sale of the land to her.

And, although she in the complaint alleged due her a sum of upwards of $2,000, the defendant and his attorney in that action were advised by her affidavit in the action long before the complaint was served, that she, in making application for the attachment, stated in effect that she sought to recover about $1,000 ; and, in her affidavit for the second attachment, two weeks before the complaint was served, stated that sum as the balance due her over the amount of such consideration. She stated the same fact in her affidavit upon which the motion to amend the complaint was made. And the complaint, pursuant to the order of the court, was so amended as to *expressly* exclude the amount of the consideration allowed for the land from that sought to be recovered.

This amended complaint became the only complaint between the parties to the action, and for its purposes, as effectually as if it had been so from the beginning. (*Hurd* v. *Everett,* 1 Paige, 124 ; *Seneca Co. Bank* v. *Garlinghouse,* 4 How. Pr. 174 ; *Sands* v. *Calkins,* 30 id. 1 ; *Kanouse* v. *Martin,* 3 Sandf. 594 ; *Penniman* v. *F. & W. Co.,* 133 N. Y. 444.)

It must now be assumed that the amendment was properly granted. The question of its propriety was one to be disposed of in that action only.

In view of all these facts, there seems to be no support for the charge of election by the defendant Shaw, of remedy inconsistent with the defense she now seeks to make, founded upon the alleged equitable title to the west half of the mortgaged premises.

The cases to the effect that a person brought into an action as defendant after its commencement is deemed a party only from the time he is made so, and, therefore, any defense existing in his behalf as of that time is available to him, do not have any necessary application to the present case. The question is, what right, as against the defendant Shaw, was acquired by the lien of the mortgage at the time it was taken by the mortgagee. It does not appear that she had then denied to herself the right to assert such claim to the land as she had derived from the parol contract of purchase and its performance, etc., on her part, or that the mortgagee was then permitted to so assume to her prejudice in consequence of any proceeding had or taken by her in the action she had commenced against the mortgagor. And the plaintiff, as assignee of the mortgage, occupies no more favorable position in that respect than the mortgagor then had to defeat the alleged defense of the defendant.

The determination of the trial court was that she is estopped from asserting her title to the west half of the mortgaged premises as against the plaintiff.

Although there does not appear to have been any exception taken to that conclusion of the court, exceptions were taken to refusals to find certain other conclusions of law deciding the matter favorably to the defendant; and upon this review such conclusion of the court is open to consideration.

And, in view of the facts, we think the determination that the defendant was so estopped is not supported.

The judgment should, therefore, be reversed, and a new trial granted, costs to abide the final award of costs.

DWIGHT, P. J., and HAIGHT, J., concurred; LEWIS, J., not sitting.

Judgment appealed from reversed and new trial granted, costs to abide the final award of costs.