John D. Higgins, Appellant, *v.* Georgianna M. Kingsley,
Respondent.

*Judgment restraining the building of a fence, construed — division fence, how built.*

A judgment was entered in an action brought to restrain the defendant therein
from placing any fence or obstruction on the plaintiff's land westerly of the
boundary line thereof as claimed by the plaintiff, in pursuance of an offer of
the defendant, the adjoining owner, which fixed the location of the division
line and perpetually restrained the defendant from placing any fence or obstruc-
tion on the plaintiff's property westerly of such boundary line as therein
located.   The question as to how a division fence should be built, or whether
one should be built at all, was not involved in the action.

*Held,* that the judgment should not be so construed as to prevent the defendant
therein from building on the true boundary line a proper division fence.

A division fence, when properly built, is said to be in contemplation of law upon
the line between the adjoining lots.   Such fence should be built equally upon
the lands of each of two adjoining owners; and if more than half is built upon
the land of one party, without his consent, he is entitled to relief.

When a division fence is built on the boundary line between the lots of two
adjoining owners, so that the posts thereof are two inches on the land of each,
if the fence between the posts is built flush with one side of the post, it is
improperly constructed, and the owner of the lot, two inches of which has been
thus taken, is entitled to relief in the absence of proof that a proper division
fence cannot be built which will be equally on the lands of each party.

Appeal by the plaintiff, John D. Higgins, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Oneida on the 20th day of December,
1892, upon the decision of the court rendered after a trial at the
Oneida Circuit, before the court, without a jury, dismissing the
plaintiff's complaint upon the merits.

The action was in ejectment to recover a strip of land two inches
wide and 105½ feet long.   It was tried at Circuit before the court
without a jury, and upon the decision of the court the judgment
appealed from was entered.

*D. E. Wager*, for the appellant.

*J. S. Baker*, for the respondent.

Merwin, J.:

The parties to this action own adjoining lots in the city of Rome.
The defendant undertook to build her portion of the division fence

and claims that she has placed it along the line equally on the lands of each owner. The plaintiff claims, *first*, that the defendant had no right to place any part of it on his land; and, *second*, that if she had such right, she has not placed it equally on the land of each, but has by it improperly taken into her own possession the strip here sought to be recovered.

The first position of plaintiff is based upon a judgment between the same parties entered shortly before the fence was built. The defendant owned a strip of land twenty-two feet wide adjoining the easterly side of plaintiff's lot. There was a dispute between them as to where the division line was, and the defendant was about to build a fence westerly of the line as claimed by plaintiff and on the plaintiff's land as he claimed it. Thereupon the plaintiff brought an action against the defendant and her husband to restrain them from placing any fence or obstructions on plaintiff's land and west of the line as plaintiff claimed it. Thereafter, in pursuance of an offer made by the defendants, a judgment was entered fixing the location of the division line and perpetually restraining the defendants "from placing any fence or obstruction on, or cutting trees from, lot 14 in block 12, in the city of Rome, N. Y., westerly of the strip of 22 feet, as above located and described, and to remove any such fences or obstructions (if any) placed thereon." The question as to how a division fence should be built, or whether one should be built at all, was not involved in the action. The defendants were in the attitude of taking more than they were entitled to, as the plaintiff claimed, and the plaintiff sought to stop them. The question in that case was as to where the dividing line in fact should be located. The judgment should not, I think, be construed to prevent the defendant from building on the true line a proper division fence. (*Shaw* v. *Broadbent*, 129 N. Y. 114.) The parties evidently contemplated that a division fence would be built and had agreed upon the part that each should build. A division fence, when properly built, is said to be, in contemplation of law, upon the line between the adjoining lots. (*Ferris* v. *Van Buskirk*, 18 Barb. 397.)

Was the fence properly built? Posts about four inches in diameter were set about fifteen feet apart along the line. The posts were connected with rails which were set into the westerly or plaintiff's side of the posts and flush with that side. Then upon the westerly

side of the posts and rails a wire netting about a quarter of an inch thick and about five feet high was placed along the whole distance. The posts with the wire netting on were four inches thick, two inches of the posts being on defendant's land, and the balance of the posts, together with the netting and rails, being on plaintiff's land. The netting operated to exclude from the possession of plaintiff, and include upon the defendant's side of the fence, two inches in width of plaintiff's land, the whole distance, except as occupied by the posts. This is the space that plaintiff seeks to recover.

There is no doubt of the rule that a division fence should be made equally upon the lands of each. (*Warren* v. *Sabin*, 1 Lans. 79; *Ferris* v. *Van Buskirk*, *supra*; *Carpenter* v. *Halsey*, 60 Barb. 47; *Newell* v. *Hill*, 2 Metc. 180; *Pettigrew* v. *Lancy*, 48 Mo. 380.) If more than half is built upon the land of one party without his consent, he is entitled to relief. (*Sparhawk* v. *Twichell*, 1 Allen, 450; *Leprell* v. *Kleinschmidt*, 112 N. Y. 364.)

In this case the trial court has held that the fence was built equally on the lands of each. There is no evidence of any custom to build a division fence in the manner this was built. The plaintiff objected to it in time. Clearly the fence is not equally on each. The defendant has, in effect, appropriated to her own use a certain portion of plaintiff's lot, small, it is true, but the plaintiff has a right to assert his ownership. (*Countryman* v. *Lighthill*, 24 Hun, 407, and cases cited.) There is no evidence that a proper division fence cannot there be made that will be equally on each party.

We think the court erred in holding that the fence was built equally on lands of each party, and for that reason the judgment should be reversed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment reversed and new trial ordered, costs to abide the event.