JACKSON
v.
MAY.

JACKSON, ex. dem. SAXTON, against MAY.

The grant of a privilege to erect a machine and building upon land, without defining the place where they are to be erected, or the quantity of ground which is to be occupied, does not, without an actual entry and location, confer such a right as to enable the lessee to maintain ejectment.

The general rule is, that an action of ejectment will lie, for any thing attached to the soil, of which the sheriff can deliver possession.

THIS was an action of ejectment, which was commenced and tried in the Court of Common Pleas of the county of *Greene*, and in which a verdict was taken by consent for the plaintiff, subject to the opinion of this Court, on a case to be made between the parties.

On the 15th of *August*, 1814, one *John Van Den Bergh* executed a lease of the premises in question, being a millseat, with the privilege of cutting timber for erecting buildings, to *Samuel* and *Alvin S. Smith*, for fifteen years, at an annual rent. By articles of agreement, dated the 22d of *November*, 1814, S. and *A. F. Smith*, who had taken possession shortly after the lease to them, granted to the lessor of the plaintiff, the privilege of putting up a carding machine, at the mills of *J. Van Den Bergh*, for fifteen years, from the date of the agreement, for the consideration of 125 dollars; the machine to be fixed at a wheel or shaft then built for a fulling mill; the plaintiff's lessor to build a shop for the carding machine, and to be allowed to cut timber on the land of *Van Den Bergh*, for that purpose. In *December*, 1815, the *Smiths* having sold their interest to *Schermerhorn* and *Beach*, *Van Den Bergh* executed a lease to *Schermerhorn* and *Beach*, which was dated on the day of the date of the former lease, and agreed with it in every respect, except the names of the lessees. *Schermerhorn* and *Beach* entered and erected buildings and machinery; and the defendant afterwards came into possession under them, and used the privilege which had been granted by the *Smiths* to the plaintiff's lessor, who had never entered, nor in any way availed himself of the privilege granted to him.

The case was submitted to the Court, without argument.

*Per Curiam.* There is no doubt, that at the date of the agreement between the *Smiths* and *Saxton*, (22d *November*, 1814,) the former had the title, and were competent to make an assignment or under-lease to *Saxton* : but the pretended lease to *Saxton* having never been *actually located,* and, thereby (as it might have been,) reduced to certainty, it is, *per se,* too vague and indefinite to be the foundation of an action of ejectment. He was " *to have the privilege of putting a carding machine at the mills of John Van Der Bergh ;*" and " *to fix the machine at the wheel or shaft now built for a fulling mill at the place aforesaid :*" and " *is to build a shop for the carding machine.*"

The general rule is, that an ejectment will lie for any thing attached to the soil, of which the sheriff can deliver possession. Tested by this rule, the interest of *Saxton* cannot be defined by metes and bounds, otherwise than by an actual location, by consent of parties.

How much ground is he to recover ? Where is it situated, in reference to the wheel and shaft of the fulling-mill ? Where is the scite for the intended shop, how large a space was it to occupy ; and in what shape was it to be ? No definite answer can be given to either of these inquiries.

We are, therefore, of opinion, that the defendant is entitled to judgment, according to the stipulation in the case.

Judgment for the defendant.