## Aiken & Ketchum *vs.* Benedict.

Where one erects a building upon the line of his own premises, so that the eaves or gutters project over the land of his neighbor, this is not such an encroachment upon the possession of the latter as will sustain an action of ejectment.

An action for a nuisance is the appropriate remedy in such a case.

THIS was an action of ejectment, tried at the Monroe circuit, in October, 1861. There was but one exception taken, which was to that part of the charge of the court to the jury, in which it was stated, as matter of law, that for the projecting of the defendant's eaves, or gutters, over the land of the plaintiffs, an action of ejectment would not lie. The jury found a verdict in favor of the defendant.

*M. S. Newton,* for the plaintiffs.

*George W. Miller,* for the defendant.

*By the Court,* WELLES, J. This was an action of ejectment to recover a strip of land about two feet in width, running from the front to the rear of lot sixty-eight, in the Atwater and Andrews tract, in the city of Rochester. The plaintiffs were the owners of the south half of said lot 68, and the defendant the owner and in possession of the north half of said lot; and the question on the trial was, whether the defendant had encroached on the land of the plaintiffs. The defendant's house was on the line between his half of the lot and the other half, owned by the plaintiffs. It appeared, beyond controversy, that the eaves or gutters of the defendant's house, on the south side, projected over the land of the plaintiffs. The justice before whom the cause was tried held and instructed the jury that for this encroachment the plaintiffs could not recover in an action of ejectment; to which the plaintiffs' counsel excepted. The

Aiken *v.* Benedict.

jury returned a verdict for the defendant, and the plaintiffs now moved for a new trial.

By the revised statutes, the action of ejectment was retained, and might be brought in the cases, and in the manner theretofore accustomed. It might also be brought, 1. In the same cases in which a writ of right might be brought, &c. 2. By a widow to recover dower, &c. (2 *R. S.* 303, §§ 1, 2.)

The cases in which the action may be brought are not extended by the code. The present case is not within the two cases above mentioned, in which the revised statutes extended the action to cases not before provided for. If the action can be sustained in this case, therefore, it must be upon the law as it stood before the adoption of the revised statutes.

By the common law, ejectment will not lie for any thing whereon entry cannot be made, or of which the sheriff cannot give possession. (2 *Crabb on Real Property*, 710, § 2484.) It cannot be sustained for the recovery of property which in legal contemplation is not tangible. (4 *Bouv. Inst.* § 3653.) The injury or wrong for which the action can be maintained must in fact, or in law, amount to an *ouster* or dispossession of the plaintiff. (*Id.* § 3655.) The general rule is that ejectment will lie for any thing attached to the soil, of which the sheriff can deliver possession. (*Jackson* v. *May*, 16 *John.* 184.)

The plaintiffs claim that the word land, in its legal signification, embraces not only the face of the earth, but every thing above and below it; and they invoke the maxim, *cujus est solum, cujus est usque ad cœlum;* and therefore that no man may erect a building or the like, to overhang another's land. That the defendant having erected his house so that the eaves overhang their land, he has unlawfully taken possession of so much of their land as the eaves occupy directly over their soil or the surface of their land.

This was undoubtedly a violation of the rights of the plaintiffs; but we think ejectment, or an action to recover

the possession of real estate, was not the appropriate remedy. Of what has the defendant taken possession which belongs to the plaintiffs ? Clearly nothing but an open space of air over the material land of the plaintiffs. How could the sheriff put the plaintiffs in possession of that space ? It is not perceived how it could be done. If it could be done in one case it could in every case, without reference to the locality of the space, provided it be superincumbent to the plaintiffs' soil.

The books furnish but a single case, so far as I have been able to discover, where ejectment was sustained under like circumstances; and yet if the action would lie, it is remarkable that no other case has been reported to that effect, either in some one of the United States or in England. The books, from the earliest reports in the English language, wherever the common law has prevailed, down to near the present time, are full of cases of actions of trespass on the case for nuisances, under circumstances similar in principle to the present.

The action for a nuisance is an effectual remedy for just such a case ; for if the defendant should be convicted, the judgment would be for damages and an abatement of the nuisance. (2 *R. S.* 332, §§ 1–7, *and Code*, §§ 453, 454.).

The case above referred to, where ejectment was maintained, is that of *Sherry* v. *Frecking*, (4 *Duer*, 452,) where the wall of the defendant's house overhung the plaintiff's lot. The point appears, by the report of the case, to have been decided with little or no consideration, and without referring to a single authority to show that ejectment would lie. The court admit that the claim is a novel one, but remark that they do not see why it is not well founded, nor why, if A. builds over, though not upon B.'s land, B. may not have his remedy by ejectment. The only reason assigned is in the following words : "The action is for the recovery of real property, a term which is synonymous with 'lands, tenements and hereditaments.' (*Code*, § 462.) 'Land,' it

need hardly be said, extends upwards as well as downwards, as far as the convenience of the subjacent soil may see fit to extend it. (3 *Kent,* 457.)"

In *Buller's Nisi Prius,* 99, it is said that "ejectment will lie for nothing of which the sheriff cannot deliver execution. Therefore it will not lie for a rent, common or other thing lying in grant, *quæ neque tangi nec videri possunt;*" those things that can be neither felt nor seen.

The motion for a new trial should be denied.

[MONROE GENERAL TERM, March 2, 1863. *Johnson, J. C. Smith* and *Welles,* Justices.]