Mullin, J.
The language of section 123 of the Code is broad enough to cover the case before me, and to require the trial to be had in the county of Monroe, where the land is situated, instead of the county of Oneida, which is the place of trial designated by the complaint, if the language alone is to control in the decision of the motion.
The section requires actions for the following causes to be tried in the county where the subject of the action, or some part thereof, is situated.
1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.
2. For the partition of real property.
3. For the foreclosure of-á mortgage of real property.
4. For the recovery of personal property distrained for any cause.
In this action the plaintiff claims to be the owner of certain interests in the land described in the complaint, and asks that such interest be declared and possession thereof delivered to him.
He is therefore seeking to recover an estate or interest in real property, or the determination of such right or interest.
If this case must, under this s'ection, be tried in the county of Monroe, it necessarily follows that every action for the redemption of mortgaged property; for the specific performance of contracts for the purchase and sale of land; all actions of creditors to set aside deeds, assignments or incumbrances by reason of fraud ; all actions to impress trusts and to enforce liens upon lands; in short, by far the largest portion of equitable actions must upon *405 such a construction of the statute he tried in the county where the land which is the subject of the action, is situated.
Such a rule would be most oppressive and unjust, and I am quite sure that no such result was intended, or even contemplated, by the legislature, in framing the section in question.
In construing the section under consideration, regard must be had to the law regulating the place of trial of civil actions in force before the Code, as without reference to it the real meaning of the section cannot be so correctly ascertained.
Before referring to former legislation, it is proper to say that before the Code equity cases had no venue or place of trial,—they were heard by the vice-chancellor at the places designated in each district for holding equity courts, and they were then heard on evidence taken by examiners, or upon the findings by a jury on feigned issues sent to the circuit courts to be tried.
When the distinction in the mode of trial of law and equity cases was abolished, and equity cases were required to be placed on the circuit or special term calendars, it became necessary to establish some rule by which to ascertain the counties in which they should be triable. The Code applies to both, and the places of trial in legal and equitable cases are to be determined by the same rules.
By the Revised Statutes (2 Rev. Stat., 1st ed., 409, § 2) it was provided that issues joined in the supreme court should be tried in the proper county, as follows:
1. Actions for the recovery of any real estate, or for the recovery of the possession of real estate; actions for trespass on land, and actions of trespass on the case for injuries to real estate, should be tried in the county in which the subject of the action was situated.
2. Actions of trespass and on the case for injuries to the person or personal property, should be laid in the county where the cause of action arose.
.3. All other actions, with certain exceptions not me *406 cessary to specify, were required to be tried where the venue was laid, subject to the power of the court to change it for the convenience of witnesses, and other c onsiderations.
Actions on the case for nuisance and waste were local (Graham's Pr., 2nd ed., 195).
Issues in proceedings to determine claims to real estate and in partition, were triable in the county where the lands-lay.
Ejectment was the form of action prescribed by the legislature, in the Revised Statutes, for the recovery of lands, tenements and hereditaments, by any person claiming an estate therein, in fee or for life, either as heir, devisee or purchaser, and for the recovery of dower.
The cases in which it might be brought were those in which it had been theretofore brought, and in those in which a writ of right might have been brought.
At the common law, which was in force when the Revised Statutes took effect, ejectment lay only for corporeal hereditaments (Adams on Ejectm., 18) ; for anything attached to the s'oil, of which the sheriff could deliver possession (Jackson v. May, 16 Johns., 184). It lay for common appurtenant or appendant; for a boilery of salt; for a mine;. for land occupied as a highway; for the first grass which grows annually on land,, and for hay-grass and after-math; for the herbage growing on land; for the pasture of an hundred sheep, and for pannage or mast which falls from the trees (Adams on Ejectm., 19-23).
In ejectment, therefore, the plaintiff could recover not not only the fee, but any lesser estate or interest in land, of which possession could be delivered by the sheriff.
By 2 Rev. Stat,, 1st ed., 303, § 3, it was declared that no person should recover in ejectment, unless he had, at the time of commencing the action, a valid subsisting interest in the premises claimed, and a right to recover the same, or to recover the possession thereof, or of some share or interest, or portion thereof, to be proved and established on the trial.
In the proceedings to compel the determination of *407 claims to real property, the party instituting the proceedings, or he and those under whom he claims, must have "been in the possession of the premises which are the subject of the proceedings, three years, claiming them in fee, or for a term of years, not less than ten; and he could proceed to bar the' claim which any other persons might make to any estate in fee or for life, or for a term of years, not less than ten, in possession, reversion or remainder, to such land or tenements.
Although the Code has abolished the forms of actions, and the action of ejectment eo nomine is unknown to the law, yet the right to recover the same estates, rights and interests in lands, tenements and hereditaments, remains and is enforced by actions as before, and the action to be brought is still an action at law, as distinguished from a suit in equity.
If this is so, then the substitute provided by the Code for the action of ejectment is an action for the recovery of real property, or of an estate or interest therein, and proceedings to determine claims to real property, whether prosecuted by action, or in the mode prescribed by the Revised Statutes, determined the right or interest of the parties to the proceedings to real property.
Injuries to real property were recovered for in actions of trespass or case, in the courts of law, except in cases of waste or nuisance, when courts of equity had jurisdiction for certain purposes.
It will be seen, from this brief and imperfect outline of the proceedings in ejectment—in proceedings to determine claims to real estate, and actions for injuries to real property, that all the clauses of the first branch of section 123 of the Code are satisfied without the necessity of recourse to equitable actions to give effect to any of its provisions.
In the legal actions is recovered the fee, or a lesser estate or interest, and in the other proceedings, a right or interest is determined.
It seems to me quite clear that the language of the clause under consideration, ‘ for the determination' in *408 any form of such right or interest,” was intended to apply to the proceedings provided by the Revised Statutes for the determination of claims to real property, whether prosecuted by an action, or in the manner provided by the statute, and that it is not to be extended beyond such proceedings.
The words for the determination in any form of such right or interest,” imply that there are or may be more forms than one in which to determine rights or interests in real estate. There is now but one form of action for the enforcement of both legal and equitable claims, or causes of action, so that the words in any form” cannot apply to actions, but may with great propriety apply to the remedy by action, and to the proceedings provided by statute for determining claims to real estate.
The second subdivision of the section makes actions for the partition of real property local.
Proceedings in partition might have been prosecuted either in the law courts, or in courts of equity, at the will of the party.
The .foreclosure of mortgages by action was confined to the courts of equity.
It would seem, from this classification of the actions declared to be local, that the first class embraced those winch were theretofore triable in the courts of law. The second, those of which courts of law' and equity had concurrent jurisdiction; and the third, a class of actions of which equity alone had jurisdiction.
Why did the codifiers make but one class of equitable actions local, if the intention was to make all such actions local in which any right or interest in real estate might be determined ?
If the language used in the first subdivision of section 133 was broad enough, and was intended to embrace all actions, legal or equitable, in which the determination of a right or interest in real estate was involved, why specify actions for the foreclosure" of mortgages ?
An action of foreclosure involves the determination of *409 an interest in land, and was provided for by the first subdivision, if equitable actions were .intended to be covered by it.
But again: the considerations which induced the legislature to make real actions local, have no application to equitable, actions, although they may involve the determination of rights and interests in real estate.
In ejectment, in waste or nuisance, and in the proceedings to determine claims to real property, questions of boundary, of local usage, of succession as well of heirs as purchasers, are very frequently involved, making it important, if not necessary, that the trial of such questions should be laid as conveniently as may be to where the witnesses reside, and by a jury cognizant of local usages and customs.
These considerations have had no weight in determining the place of trial in equitable actions, and they are entitled to no more weight now than they were under the former practice. They are still heard by a single judge, without a jury, and the place of trial is subject to be changed to accommodate the witnesses.
Without occupying more time upon the questions, I am of opinion, and so decide, that the place of trial in this action is not local, and it is properly located in the county of Oneida, and the defendant cannot require it to be changed to Monroe.
The motion is therefore denied, without costs.