(109 App. Div. 217.)

### BUTLER v. FRONTIER TELEPHONE CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

EJECTMENT—WHEN LIES—STRETCHING WIRES OVER LAND.
　　Under Code Civ. Proc. § 3343, subd. 20, declaring an action of ejectment "to be an action to recover immediate possession of real property," an owner may maintain ejectment against one who has taken possession of the space above the surface of the land to the extent of stretching wires across it.

　　Nash and Hiscock, JJ., dissenting.

Appeal from Trial Term, Erie County.

Ejectment by Ernest P. Butler against the Frontier Telephone Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Chester C. Swain, for appellant.
George C. Hillman, for respondent.

McLENNAN, P. J.   The complaint is in ejectment.   The court made findings as follows:

"The plaintiff at all the times mentioned in the complaint was, and has ever since continued to be, the owner in fee of the premises described in the complaint, and was and is entitled to the immediate possession thereof.

"The defendant, on or about January 1, 1903, without the consent of the plaintiff and without lawful authority, entered upon the said premises and stretched a wire over and across the same in the manner described in the complaint, and maintained said wire upon said premises until January 10, 1903, when the defendant removed the said wire entirely from off the plaintiff's premises.

"The plaintiff has been in the possession of the premises described in the complaint at all the times mentioned therein and since, except that portion thereof occupied by the defendant with said wire during the period specified in the last finding of fact.

"The plaintiff has sustained nominal damages of six cents in withholding by the defendant of that portion of the premises occupied by said wire for the period above described.

### "Conclusion of Law.

"The plaintiff is the owner in fee of the premises described in the complaint, and entitled to the immediate possession thereof, and was entitled at the commencement of this action to have said wire removed from said premises, and is entitled to judgment against the defendant so declaring, and for six cents damages for withholding the said property, and for the costs of this action, and the clerk is directed to enter judgment accordingly."

The answer admits title in the plaintiff; admits that its agents stretched the wire over and across plaintiff's premises; denies that it "now" unlawfully withholds possession of the premises from the plaintiff; alleges that the defendant had no knowledge that the plaintiff objected to the stretching of wires across the premises until the service of the summons and complaint in the action, and that thereupon the defendant removed them.

The interesting question presented by this appeal is, can an action in ejectment be maintained in any case where the soil of the premises of the owner has not been actually interfered with?  We believe the question has never been decided by the Court of Appeals of this state. It was answered in the affirmative in Sherry v. Frecking, 4 Duer, 453; in the negative in Aiken v. Benedict, 39 Barb. 400, which was followed in Vrooman v. Jackson, 6 Hun, 326.  In Leprell v. Kleinschmidt, 112 N. Y. 364, at page 369, 19 N. E. 812, at page 814, Ruger, C. J., writing for the court, said:

"We do not undertake to decide whether an action of ejectment will lie for the projection of the eaves of a building over the lands of another, as that question does not arise on this appeal."

The learned judge cites the three cases above referred to, and adds:

"Here the verdict logically shows a physical entry by the defendant upon the lands of the plaintiffs and an unlawful detention of its possession from them."

The decisions of the courts of other states are also in conflict. In Vermont it was expressly held that the action for ejectment for such cases may be maintained. Murphy v. Bolger, 60 Vt. 723, 15 Atl. 365, 1 L. R. A. 309. In that case the learned court in an opinion stated the reasons for its decision, and they seem to me to be unanswerable and applicable to the case at bar. The decision of McCourt v. Eckstein, 22 Wis. 153, 94 Am. Dec. 594, is to the same effect. Such being the state of the authorities, we consider that the decision of the question should be regarded as open, to be determined upon principle and in such manner as will best protect owners of real property against its unlawful invasion or interference.

The question is by no means an academic one. It may be of the utmost importance to litigants seeking to prevent unlawful interference with their rights in real property that they should be able to avail themselves of the provisions of section 1525 of the Code of Civil Procedure, given only to parties to an action of ejectment. A party to such an action, if unsuccessful upon the first trial, is entitled to a second trial as matter of right. He is entitled to other rights and privileges which he would not be entitled to under any other form of action. By section 3343, subd. 20, of the Code, an action of ejectment is declared to be "an action to recover the immediate possession of real property." It is elementary that the owner of real property owns the space above the surface, and has the same right to its free and uninterrupted use and enjoyment as to the space below. Upon principle it is difficult to see why he should be permitted to maintain ejectment to obtain possession of his property, if improperly withheld, in the one case and not in the other, when there is no such distinction made in the statute giving the right of action. The adjoining owner, who projects a cornice, balcony, or bay window out over his neighbor's land, takes possession of his "real property" quite as effectually as if the outer edge of such structure were supported by posts which rested upon the soil. It cannot be of importance that such encroachments are a few inches or many feet from the surface, and are held in place by lateral, instead of perpendicular, supports. If A., being the owner of a plot of land on each side of a plot owned by B., should throw a bridge entirely across A.'s land, resting it upon abutments entirely upon his own premises, we see no reason why B. should not be permitted to maintain an action of ejectment to recover immediate possession of (his) real property, as he unquestionably might do if the abutments had extended onto his premises, even to the fraction of an inch. There is no sensible or logical basis for any such distinction. The statute makes none, and we think the courts will have difficulty in evolving one by any power of reason. In either case, A. wrongfully took and was in possession of B.'s real property, and the action of ejectment should be available in either case by which to regain possession.

It is unimportant that in the case at bar the obstruction, the interference complained of, consisted in stringing a telephone wire across the plaintiff's premises. In fact the defendant, soon after the action was commenced, removed the wire, so that practically the only amount of money involved in this case is the costs; but it seems to

me that the principle involved ought to be finally settled in this case, in order that it may be known whether, if the space above the surface of land of an owner is taken possession of to the extent of stretching wire across it, or projecting cornices or balconies out over it, such owner may maintain an action of ejectment to obtain immediate possession of his real property, even although the supports of such structure do not rest upon the land of such owner. I think the judgment appealed from is right, and should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except NASH, J., who dissents in an opinion in which HISCOCK, J., concurs.

NASH, J. (dissenting). Both upon principle and authority I think that ejectment is not the proper remedy for the injury alleged in the complaint. In Vrooman v. Jackson, 6 Hun, 326, where the owner of one of two adjacent houses, separated by a party wall, placed upon the top thereof a cornice, which projected over the lot of the adjoining owner, it was held, upon a very full consideration of the question, that ejectment would not lie, citing Aiken v. Benedict, 39 Barb. 400, where it was held that such an encroachment will not sustain an action of ejectment. As defined by the Code, ejectment is "an action to recover the immediate possession of real property" (subdivision 20, § 3343). In Aiken v. Benedict, supra, the reasons for the conclusion that ejectment only lies for something tangible, of which possession may be delivered by the sheriff to the plaintiff, are stated by Welles, J., citing authorities, as follows:

"By the common law ejectment will not lie for anything whereon entry cannot be made, or of which the sheriff cannot give possession. 2 Crabb on Real Property, p. 710, § 2484. It cannot be sustained for the recovery of property which in legal contemplation is not tangible. 4 Bouv. Inst. § 3653. The injury or wrong for which the action can be maintained must in fact or in law amount to an ouster or dispossession of the plaintiff. Id. § 3655. The general rule is that ejectment will lie for anything attached to the soil, of which the sheriff can deliver possession. Jackson v. May, 16 Johns. 184. The plaintiffs claim that the word 'land,' in its legal signification, embraces not only the face of the earth, but everything above and below it, and they invoke the maxim, 'Cujus est solum, cujus est usque ad cœlum,' and, therefore, that no man may erect a building or the like to overhang another's land; that, the defendant having erected his house so that the eaves overhang their land, he has unlawfully taken possession of so much of their land as the eaves occupy, directly over the soil or the surface of their land. This was undoubtedly a violation of the rights of the plaintiffs; but we think ejectment or an action to recover the possession of real estate was not the appropriate remedy. Of what has the defendant taken possession that belongs to the plaintiffs? Clearly nothing but an open space of air above the material land of the plaintiffs. How could the sheriff put the plaintiff in possession of that space? It is not perceived how it could be done. * * * The action for a nuisance is an effectual remedy for just such a case; for, if the defendant should be convicted, the judgment would be for damages and an abatement of the nuisance. 2 Rev. St. 332, §§ 1–7; Code, §§ 453, 454."

The action not being in ejectment, the plaintiff here is not entitled to costs as in an action to recover real property or an interest in real property, under section 3228 of the Code of Civil Procedure, and therefore the judgment entered upon the decision of the court, awarding costs to the plaintiff, upon the theory that the action is in

ejectment, is erroneous. The act of the defendant was a trespass merely, of which a justice of the peace could take cognizance under section 2862 of the Code of Civil Procedure, and in an action brought for an injury to the realty, unless the title is put in issue, the plaintiff, upon a recovery of less than $50, is not entitled to costs. Lynch v. Weaver, 128 N. Y. 171, 175–178, 28 N. E. 508.

The judgment should be reversed.

HISCOCK, J., concurs.