## OLSEN v. HENDERSON.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

DAMAGES—BREACH OF CONTRACT—CONTRACTS—BUILDING CONTRACT—ERROR IN LOCATING HOUSE.

Where a contractor, in constructing a house, did not place it with reference to the lot lines in accordance with the plans, the measure of damage was not the expense of moving the house, but the difference between the value of the property as it was and as it would have been if the house had been set according to plan.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§ 320–325.]

Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Andrew Olsen against Mary Dawson Henderson, in which defendant pleaded a counterclaim. From a judgment for defendant on her counterclaim, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Isaac L. Miller, for appellant.
Roswell H. Carpenter, for respondent.

GAYNOR, J. The plaintiff built a house for the defendant for the contract price of $2,000. The sum of $1,300 was paid to him on account, and this action is for the balance of $700. The defendant pleads as a counterclaim that the plaintiff did not build the house on the lines shown by the plans, and that she will be put to an expense of $700 to move it thereto. The evidence was that the expense would be $500. She also pleads another counterclaim of $100 for items which she al-

leges the plaintiff left undone. This counterclaim was on motion increased to $300 on the trial.

The jury rendered a verdict of $800 for the defendant. But if the defendant be allowed both counterclaims, amounting to $800, her damage could only be the difference between that sum and the $700 unpaid on the contract, viz., $100. The jury were misled by the charge.

Nor was there any evidence that the defendant was damaged by the misplacing of the house. The lot was 20 feet wide and the house 18, with eaves extending over about 1 foot on each side. It is claimed that the plan put the west wall of the house on the lot line. That would have put the eave on that side over the adjoining lot. The plaintiff placed the house so that the eaves came to the lot line on each side. The defendant's measure of damage was not the expense of moving the house to the lines shown on the plan—she might never move it—but the difference in value of the property as it is and as it would have been if the house had been set according to the plan; and this was not proved. It may be there is no such damage, for if the eave had projected over the adjoining lot the defendant would have been liable as a trespasser to ejectment. Butler v. Frontier Telephone Co., 109 App. Div. 217, 95 N. Y. Supp. 684.

The judgment should be reversed.

Judgment and order of the County Court of Kings County reversed on reargument, and new trial granted, costs to abide the event. All concur, except HOOKER, J., who dissents.