FLORENCE HYNES, as Administratrix, etc., of JAMES HARVEY HYNES, Deceased, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Second Department, June 6, 1919.

Waters and watercourses — trespasser — standing on springboard over public water — ownership of structures extending over public water — interference with navigation — right of riparian owner against person trespassing on piers extending beyond boundary — liability of owner to trespasser for injury caused by falling electric wires.

One who trespasses on a riparian owner's land and goes from there onto a springboard extending from such land over public waters is still a trespasser, though he is on that part of the board over the public waters and beyond the technical boundary of the riparian owner.

A riparian owner on public water is the owner of structures extending from his land over the water.

A plank extending from a riparian owner's land situated on Spuyten Duyvil creek, or the United States ship canal, is not an unlawful interference with navigation, in view of the shallowness of the water, and especially where neither Federal nor State authorities have taken any steps for its removal.

The owner of a wharf, pier or like projection, if run out beyond the proper exterior line, has a good right against all private intruders or trespassers.

A riparian owner is not liable in damages for an injury, not wantonly or willfully inflicted, caused by its electric wires falling onto a boy who at the time was a trespasser on a springboard extending from the defendant's land over public waters, and this, though at the time of the injury the boy was standing over the water beyond defendant's technical boundary line.

JAYCOX and BLACKMAR, JJ., dissented, with opinion.

APPEAL by the plaintiff, Florence Hynes, as administratrix, from an order of the Supreme Court, made at the Westchester Trial Term and entered in the office of the clerk of the county of Westchester on the 11th day of June, 1917, granting defendant's motion to set aside the verdict of a jury in plaintiff's favor for $8,000, and granting a new trial.

The action was for alleged negligence, in causing the death of plaintiff's intestate, by being struck by electric wires which fell from the crossarm of a pole maintained by defendant along its railroad on the north bank of the Spuyten Duyvil creek, or the United States ship canal, to the westward of the Broadway bridge in Bronx county.

Decedent, a boy sixteen years old, with two other boys, had swum across this ship canal from the Manhattan bank on July 8, 1916. He had climbed upon defendant's wooden-faced bulkhead, and finally walked out on a springboard projecting over the water. It was a plank two inches by twelve inches spiked down on the bulkhead from which it ran back about four feet, so that the shore end was let into the soil. About eleven feet overhung the water. Its front end was about three feet above high tide. As decedent was about to dive from the end, the wires came down. One struck him, others falling on the plank broke it off at the bulkhead; deceased was thrown into the water and died. The front of the plank protruded beyond defendant's boundary line from three to six feet. Who had manually placed this springboard did not appear. It had been there about three years. Employees of defendant and others had used it. On the land side defendant had maintained a fence along its right of

way.  Warnings that it was not a thoroughfare had also been posted along the railroad track, near this waterfront.

*Sydney A. Syme,* for the appellant.

*John F. Brennan,* for the respondent.

Putnam, J.:

The complaint alleged defendant's neglect in improperly erecting, constructing and maintaining its poles and appurtenances and the wires attached thereto, and in failing to secure said wires and repair the poles, appurtenances and wires, with the result that the same fell.

The learned court rightly held that the deceased was a trespasser.  The plank was part of defendant's property, and was so annexed as to become part of the realty.  Decedent's entry upon defendant's close from the waters of the ship canal was an unlawful intrusion.  On this plank, he was still a trespasser — even when he stepped outward across defendant's technical boundary line and stood near the outer end, over the waters of the Ship canal.

Appellant's point that defendant did not own the extremity of this plank, because it projected over the waterway, is against ancient doctrines, that such an object supported from the place of annexation carries the title to the whole thing so annexed, even if it protrudes over and across a vertical boundary line.  This applies to tree branches which overhang a neighbor's land.  (*Masters* v. *Pollie,* [1619] 2 Rolle's Rep. 141.)  In *Hoffman* v. *Armstrong* (48 N. Y. 201) such an instance of an overhanging branch led the court to declare that " if an adjoining owner should build his house so as to overhang it, such an encroachment would not give the owner of the land the legal title to the part so overhanging " (p. 203).  In support of which is cited *Aiken* v. *Benedict* (39 Barb. 400), which held that ejectment would not lie in such case.  While the owner of land so overhung may cut off the branches above his land (*Lemmon* v. *Webb,* L. R. [1895] A. C. 1), he cannot, in removing the nuisance, appropriate the materials, and convert to his use the severed branches, or fruit thereon.  (*Mills* v. *Brooker,* L. R. [1919] 1 K. B. 555.)

The plank cannot be held an unlawful interference with navigation, in view of the apparent shallowness of the water and the

circumstance that neither the Federal nor the State authorities had taken any steps for its removal.    (1 Farnham Waters, § 95.)

The owner of a wharf, pier or like projection, even if run out beyond the proper exterior line, has a good right against all private intruders or trespassers.    (*Wetmore* v. *Atlantic White Lead Company*, 37 Barb. 70; *Wetmore* v. *Brooklyn Gas Light Co.*, 42 N. Y. 384, 392.)    As GROVER, J., said in the case last cited, the State may have a remedy, but this " gives the plaintiff no right of entry upon such land for any purpose " (p. 393).    The same was laid down in *Crooked Lake Navigation Co.* v. *Keuka Navigation Co.* (26 Wkly. Dig. 145; affd., 115 N. Y. 667).

In another view, an argument that the extremity of such plank was not defendant's property cannot aid the plaintiff, since, for all that here appears, the entire plank was in defendant's possession; and such possession, even without legal title, is good against an intruder committing a trespass. (*Jackson* v. *Harder*, 4 Johns. 202; *Cutts* v. *Spring*, 15 Mass. 134; *Beardslee* v. *New Berlin L. & P. Co.*, 207 N. Y. 34, 41.)

This complaint was for breach of duty whereby the poles and wires broke and " fell to the ground."    The suggestion that plaintiff might recover in analogy to a like accident to a boy swimming in the canal, I think cannot apply.    The duty toward persons passing in the fairway, whether in vessels or swimming, is widely different from the duty to one intruding against warning signs, and wrongfully occupying defendant's property.

Therefore, the fall of defendant's wires, not being a willful or wanton injury, violated no duty which defendant owed to the deceased.

The order setting aside the verdict for plaintiff and granting a new trial should be affirmed, with costs.

JENKS, P. J., and KELLY, J., concurred; JAYCOX, J., read for reversal, with whom BLACKMAR, J., concurred.

JAYCOX, J. (dissenting):

The plaintiff's intestate was not a trespasser in the sense which brings him within the operation of the rule that the owner of the premises owes no duty to trespassers.    Ordinarily it clearly appears that the accident would not have happened but for the trespass.    In this case, however, the

First Department, May, 1919.          [Vol. 188.

falling wires would have been as fatal to this boy swimming in the river at that point as standing upon a plank attached to the defendant's premises. If a wagon of the defendant had been left standing in the highway and the plaintiff's intestate had climbed into that wagon and while there had been killed by the defendant's wires falling into the highway, there would have been no question as to the plaintiff's right to recover. The situation is exactly analogous to the situation involved in this action. The boy's death was not caused by a defect in the premises upon which he trespassed, but by the negligence of the defendant which permitted its wires to fall into the navigable waters of the river. If the boy's death had been caused by the breaking of the plank upon which he was standing, the reasoning of the prevailing opinion herein would apply. I dissent.

Blackmar, J., concurred.

Order setting aside verdict for plaintiff and granting new trial affirmed, with costs.