WALTER J. MESLER, Plaintiff, v. SALVATORE COZZOLINO, Defendant.

County Court, Albany County, July 25, 1955.

*Charles J. Duncan* for plaintiff.

*Nicholas A. Caimano* for defendant.

SCHENCK, J. The jury herein returned a verdict for the plaintiff in the sum of $1,500. The defendant made several motions relative thereto. All were denied with the exception of his motion with respect to the measure of damages upon which the jury's verdict was based. On that point decision was reserved and that is the sole question now before the court.

The facts are very briefly as follows. The plaintiff engaged the defendant, a building contractor, to construct a house on property owned by the plaintiff. The contractor proceeded to erect the house in a manner that violated an ordinance of the City of Albany. One wall of the house was built approximately six inches nearer the lot-side line than permitted by the appropriate zoning ordinance. In the course of the trial, the plaintiff proved by expert testimony that it would cost $1,500 to move the side wall of the house back so that there would be compliance with the aforesaid zoning ordinance. The defendant objected to this testimony contending that it was not a proper measure of damages. The defendant, however, made no attempt to offer evidence of any other method of computing damages.

The defendant has submitted a learned memorandum citing numerous authorities which indicate that the measure of damages ordinarily is not the expense of repairing or moving a building so that it will conform to a contract, but that it is the difference in the value of property with the building improperly constructed and the value if the building were according to contract, or, as in this case, in conformity with the zoning ordinance (*Olsen* v. *Henderson,* 113 App. Div. 676; *Pollack* v. *Queens Land & Title Co.,* 147 App. Div. 571; *Walter* v. *Hangen,* 71 App. Div. 40). There is no quarrel here with the aforesaid authorities. They do not, however, answer the complete problem that is now before us.

It is true that the proper measure of damages should be as indicated in the above citations. However, it is also true that one of the methods of determining the difference in value between property that is violative of contracts or zoning ordinances and property that is in conformity therewith is the cost of correcting the discrepancy (*Kidd* v. *McCormick*, 83 N. Y. 391). In that case there is considerable discussion of the various methods by which diminution of value can be determined. It is there squarely held that one competent line of evidence upon the point could be expert testimony as to what it would cost to complete work so as to bring the finished product up to the requirements of the contract or, as in this case, up to the requirements of law. If there are several lines of evidence offered upon the point that line which involves the least amount of damages must prevail.

In the case at hand, the defendant made no attempt to show that the difference in value between the property as constructed and as it should have been constructed might be less than $1,500. Under such circumstances, the rule as set down in *Hartshorn* v. *Chaddock* (135 N. Y. 116), should be followed. It was there pointed out that the measure of damages in cases such as this may be established in several ways. Where one party adopts one method of establishing the damages, it then becomes incumbent upon the other to establish that the damages were less upon some other theory. Otherwise there would be no basis upon which the jury or the court could assess damages, even though the evidence indicates that the defendant is at fault and that the plaintiff is entitled to a recovery.

I am not impressed by the defendant's other argument to the effect that the damages here are not sufficiently " certain " because the plaintiff might never have the wall moved. The fact remains that the plaintiff has a building constructed by the defendant in violation of existing ordinances. The only method offered in evidence by which this situation could be corrected involves the tearing down and reconstruction of the wall. In order to be made " whole " the plaintiff will have to relocate the wall of his house. If he chooses to continue maintenance of the property in violation of law that is a matter which does not now concern this court. He could be required to comply with the law by the proper authorities. Under such circumstances, it would cost him the sum of $1,500 as awarded by the jury.

The motions by the defendant are, therefore, in all respects denied.